## HOGE v. RAILROAD COMPANY.

1. In 1856, the legislature of South Carolina incorporated the Air Line Railroad Company, with power to construct a road between certain points, and to equip, use, and enjoy the same, with all the rights, privileges, and immunities granted to a certain other company which had been incorporated in 1845 by an act exempting it from taxation for the period of thirty-six years, and from the operation of the provisions of the act of Dec. 17, 1841. The latter act declares "that it shall become part of the charter of every corporation which shall, at the present or any succeeding session of the General Assembly, receive a grant of a charter, or any renewal, amendment, or modification thereof (unless the act granting such charter, renewal, amendment, or modification shall, in express terms, except it), that every charter of incorporation granted, renewed, or modified as aforesaid shall at all times remain subject to amendment, alteration, or repeal by the legislative authority." The act of 1856 also empowered the company to unite with any other, and consolidate their management, but contained no clause excepting, in express terms, the charter from the operation of the act of 1841. An amendment, passed in 1868, authorized it to adopt another corporate name, and it was consolidated with a corporation of Georgia under the name of the Atlanta and Richmond Air Line Railway Company. The Constitution of South Carolina of 1868 having required that the property of corporations then existing or thereafter created should be subject to taxation, the legislature imposed a tax on such property. A stockholder of the latter company alleging that it had acquired immunity from taxation for the same period as the company chartered in 1845, and that such immunity was beyond legislative control, brought suit to enjoin the collection of the tax. *Held,* 1. That as the act of 1856, granting the charter, did not expressly exempt it from the provisions of the act of 1841, they are applicable to it. 2. That the charter must be read as if it declared that the capital stock of the company and its real estate should be exempt from taxation for thirty-six years, unless the legislature should in the mean time withdraw the exemption. 3. That if an exemption from future legislative control had been originally acquired by the company, it ceased when the amendment to the charter was obtained in 1868.

2. The intention of the legislature to exempt the property of corporations from taxation must be clear beyond a reasonable doubt. It cannot be inferred from uncertain phrases or ambiguous terms. If a doubt arise, it must be solved in favor of the State.

3. *Tomlinson* v. *Jessup* (15 Wall. 454) referred to and qualified.

APPEAL from the Circuit Court of the United States for the District of South Carolina.

The Richmond and Danville Railroad Company, a stockholder in the Atlanta and Richmond Air Line Railway Company, filed its bill against the taxing officers of South Carolina to enjoin them from levying any State, county, or municipal taxes upon the property of the last-named company within that State. The court below granted the prayer of the bill, and the taxing officers brought this appeal. The remaining facts are stated in the opinion of the court.

*Mr. Le Roy F. Youmans*, Attorney-General of South Carolina, for the appellants.

The only ground upon which the claimed exemption is sought to be maintained is that the Air Line Railroad Company was by its charter invested with the rights, privileges, and immunities of the Greenville and Columbia Railroad Company, and that the latter is, for the first thirty-six years of its existence, exempted from taxation. The bill does not aver that the charter is in express terms excepted from the provisions of sect. 40 of the act of 1841, and they are, therefore, to all intents and purposes, as much a part of it and of any amendment thereof as if they had been fully and at large incorporated therein. The power to revoke the charter as it originally existed or was subsequently modified having been thus reserved by positive enactment, all the chartered privileges, rights, and immunities of the Air Line Company were subjected to State control. *Tomlinson* v. *Jessup*, 15 Wall. 454. But had the bill set up a case resting on the allegation that the charter of the Air Line Company was virtually, although not in terms, excepted from that section, the appellants contend that to incorporate by implication such a provision into a charter is unwarranted. All grants of special powers or immunities are construed strictly against the grantees and in favor of the State. *Jackson* v. *Lamphire*, 3 Pet. 280; *Beaty* v. *The Lessee of Knowler*, 4 id. 108; *Provi-*

*dence Bank* v. *Billings & Pittman,* id. 514; *Charles River Bridge* v. *Warren Bridge,* 11 id. 420. And more especially where the taxing power is concerned, implications are never admitted to create or continue an exemption from its exercise; for " there is no subject over which it is of greater moment for the State to preserve its power than that of taxation." *Tomlinson* v. *Jessup, supra.*

Such exceptions are uniformly and emphatically restricted to clear and unambiguous grants in express words. *West Wisconsin Railway Co.* v. *Supervisors,* 93 U. S. 595. But by the provisions of that section the exception to its operation must be expressly declared in any subsequent act granting a charter, a renewal, an amendment, or a modification thereof. There is no such exception in the charter of the Air Line Company or in the amendment of 1868, and whatever exemption, if any, which that company may have originally had, does not inure to the consolidated company. *Morgan* v. *Louisiana,* id. 217.

*Mr. Skipwith Wilmer* and *Mr. William E. Earle, contra.*

The Air Line Railroad Company was incorporated in 1856, by a charter which invested it with all the rights, privileges, and immunities granted to the Greenville and Columbia Railroad Company, and was therefore, to the same extent as the latter company, exempted by an irrepealable law from taxation for the period of thirty-six years. *Humphrey* v. *Pegues,* 16 Wall. 244; *Tomlinson* v. *Branch,* 15 id. 460; *Philadelphia & Wilmington Railroad Co.* v. *Maryland,* 10 How. 376; *The State ex rel. Greenville & Columbia Railroad Co.* v. *Hood,* 15 Rich. (S. C.) 177.

The act of 1841 embraces only the charters to which the legislature thereafter granting them intends that it shall be applicable. By its existence on the statute-book, it becomes applicable, in the absence of any thing to the contrary; but if the legislature determines that it shall not, in a given case, be applied, no particular form of expression is required to exempt from its operation any subsequently granted charter. The question then is narrowed down to the intention of the legislature which granted the charter of the Air Line Company. If it intended to grant an irrevocable immunity from taxation for thirty-six years, and from the operation of the act of 1841,

the grant is valid. *New Jersey* v. *Yard*, 95 U. S. 104. Although it did not in express terms suspend that act, yet if by apt words it evinced an intention to do so, then no restrictions thereby imposed can defeat such intention.

The immunity, if conferred upon the Air Line Company, continued unimpaired not only up to the time of the authorized consolidation with the Georgia Company, but the consolidated company was entitled to it so far as the property in South Carolina was concerned. *Delaware Railroad Tax*, 18 Wall. 206 ; *Tomlinson* v. *Branch, supra ; Central Railroad, &c. Co.* v. *Georgia*, 92 U. S. 665.

The distinction between a privilege granted in an amendment by which the grantor gains nothing and the grantee loses nothing, — a grant which is in the nature of a *nudum pactum*, — is marked and fully recognized in *Miller* v. *Wryman*, 3 Pick. (Mass.) 211. Where the exemption is granted as a part of the original act of incorporation, or by an amendment which requires new duties, the benefit to accrue to the State, as they are imposed on the grantee, constitutes a consideration which makes a binding contract that no subsequent legislation can impair. *Herrick* v. *Rutland*, 10 Vt. 530 ; *Sharpe* v. *Rutland & Burlington Railroad Co.*, 27 id. 146 ; *Wilmington Railroad Co.* v. *Reid*, 13 Wall. 264 ; *Trustees of Dartmouth College* v. *Woodward*, 4 Wheat. 518 ; *Fletcher* v. *Peck*, 6 Cranch, 87.

The rule that a grant by a State of powers and special exemptions is construed most strictly against the grantee can never be strained to the extent of defeating the legislative will or revoking a contract.

MR. JUSTICE FIELD delivered the opinion of the court.

The Richmond and Danville Railroad Company, a corporation created under the laws of Virginia, is the owner of twenty-two thousand shares of the capital stock of the Atlanta and Richmond Air Line Railway Company, a corporation created under the laws of Georgia and South Carolina, and brings the present suit to enjoin the collection of taxes assessed upon its road and other real property in the latter State, alleging that they are exempt from taxation. Its claim to exemption arises in this wise: A company known as the Air Line Railroad Company in South

Carolina was incorporated in 1856 by the legislature of that State and authorized to construct a railroad between certain designated points, and to equip, use, and enjoy the same, " with all the rights, privileges, and immunities granted to the Greenville and Columbia Railroad Company under the act incorporating the same and the several acts amendatory thereof," so far as they were applicable. The company was also empowered to unite with any other railroad company and to consolidate their management, and, by an amendment to its charter, to adopt any other corporate name which it should deem best. In pursuance of this authority, it united in 1870 with a company incorporated under the laws of Georgia, known as the Georgia Air Line Railroad Company, and took the name of the Atlanta and Richmond Air Line Railway Company.

The Greenville and Columbia Railroad Company was incorporated in December, 1845, an, by a provision in its charter, the stock of the company and the real estate it might purchase, connected with or subservient to its works, were exempted from taxation for the period of thirty-six years. At the time of its incorporation there was a law of the State in force, enacted in 1841, establishing the principles on which charters of incorporation were thereafter to be granted, the forty-first section of which provides " that it shall become part of the charter of every corporation which shall, at the present or any succeeding session of the General Assembly, receive a grant of a charter, or any renewal, amendment, or modification thereof (unless the act granting such charter, renewal, amendment, or modification shall, in express terms, except it), that every charter of incorporation granted, renewed, or modified as aforesaid shall at all times remain subject to amendment, alteration, or repeal by the legislative authority."

The act incorporating the Greenville and Columbia Railroad Company excepted its charter in express terms from the operation of the act of 1841; but the act incorporating the Air Line Railroad Company in South Carolina made no such exception with respect to its charter. It is contended, however, that by the provision conferring the same rights, privileges, and immunities which the Greenville and Columbia

Railroad Company possessed, the Air Line Company not only acquired immunity from taxation for the same period, but that such immunity was placed beyond legislative repeal. The Constitution of the State, adopted in 1868, having required that the property of corporations then existing, or thereafter created, should be subject to taxation, except in certain cases, not applying here, subsequent legislation, passed in conformity with this requirement, imposed a tax upon the property of railroad companies, including that of the Atlanta and Richmond Air Line Railway Company, notwithstanding the exemption mentioned. The present suit was thereupon brought to enjoin its enforcement. The court below held that the property of the company was exempt from taxation for the period of thirty-six years from the date of its charter, and enjoined the officers of the State from collecting the tax assessed. From its decree the present appeal is taken.

By the law of 1841 every charter of a corporation in South Carolina subsequently granted, amended, or modified was subject to repeal, amendment, or modification by the legislature; unless specially excepted from such legislative control in the act granting the charter, amendment, or modification. Such is evidently the meaning of the forty-first section of that law, though the intention is inaptly expressed. This construction is somewhat different from that placed upon it in *Tomlinson* v. *Jessup,* reported in 15th Wallace, and gives the legislature a more extended control. But it is the construction to which a more careful examination of the language has led us. By it the legislature said, that subsequent charters should be subject to repeal or amendment, unless they were in express terms excepted from its control in the acts granting them; and that existing charters, if subsequently amended or modified, should stand in the same position. Its provisions constituted the condition upon which every charter was afterwards granted, amended, or modified. They formed as much a part of the new or amended charter as if they had been originally embraced in it. They did not of course operate as a limitation upon the power of succeeding legislatures so as to control any repugnant legislation, but so long as they remained unrepealed, subsequent legislation, not repugnant in its terms, was to be

construed and enforced in accordance with them.   *Railroad Company* v. *Maine*, 96 U. S. 499.

As the act incorporating the Air Line Company in South Carolina in 1856 contained no clause excepting its charter from the provisions of the law of 1841, they must be held applicable to it.   To include in that charter an exemption from legislative control because such exemption was possessed by the Greenville and Columbia Company would be to thwart the declared will of the legislature, that such exemption should not exist, unless the act granting the charter excepted it *in express terms* from that law.   Its charter must, therefore, be read as if it declared that its capital stock and the real property purchased by it and connected with or subservient to its works should be exempt from taxation for the period of thirty-six years, unless the legislature should in the mean time withdraw the exemption.   Its stock and real property were thus exempted for that period from the general tax levied upon property of that kind, unless the legislature should specifically direct otherwise.

If it be assumed, however, that by the act incorporating the Air Line Company it acquired not only the immunity from taxation which the Greenville and Columbia Company possessed, but also its original exemption from future legislative control, this exemption ceased when the company obtained an amendment to its charter in September, 1868, before its consolidation with the Georgia Company.   By that amendment the charter of the company was at once brought under the control of the legislature by virtue of the act of 1841, the act granting the amendment containing no clause excepting the charter from the provisions of that act.

In whichever way the legislation of the State may be viewed, the same result follows, — that the legislature of South Carolina was not inhibited from subjecting the property of the company to taxation, to restrain the collection of which this suit is brought.

The power of the legislature of a State to exempt particular parcels of property of individuals or of corporations from taxation, not merely during the period of its own existence, but so as to be beyond the control of the taxing power of succeeding

legislatures, has been asserted in several cases by this court, although against this doctrine there have been earnest protests by individual judges. But though this power is recognized, it is accompanied with the qualification that the intention of the legislature to grant the immunity must be clear beyond a reasonable doubt. It cannot be inferred from uncertain phrases or ambiguous terms. The power of taxation is an attribute of sovereignty, and is essential to every independent government. Stripped of this power, it must perish. Whoever, therefore, claims its surrender must show it in language which will admit of no other reasonable construction. If a doubt arise as to the intent of the legislature, it must be solved in favor of the State.

It follows that the decree of the court below must be reversed, and the cause be remanded with directions to dismiss the suit; and it is

*So ordered.*