[No. 1683, August 24, 1914.]

STATE OF NEW MEXICO, Appellant, vs. GEORGE W. ARMIJO, Appellee.

[No. 1684, August 24, 1914.]

STATE OF NEW MEXICO, Appellant, vs. NATHAN SALMON, Appellee.

### SYLLABUS BY THE COURT.

1. Chapter 75, Laws 1912, relating to bribery, interpreted, and held, that the words "offer to bribe," in Section 3 of the Act, were intended to mean an "attempt" to bribe by means of solicitation, and was not intended to create a new crime—that of offering, agreeing or proposing to a third person to bribe an officer.

P. 349

Nos. 1683-1684 (consolidated). Appeals from the District Court, Santa Fe County; Edmund C. Abbott, Presiding Judge. Judgments affirmed.

IRA L. GRIMSHAW, for appallant.

Court erred in holding that indictment did not state facts sufficient to constitute an offense and in sustaining demurrer to said indictment 26 Cyc. pp. 926, 496; 25 Ency. L. A., A. & E., p. 662; 2 McQuillan Mun. Corps 978; 12 Ind. 569; 73 N. Y. Supp. 306, 307; 39 Ark. 82, 85; 6 Cal. 41; 49 Ala. 311; 23 Enc. of L., A. & E., 326; 59 N. J. E. 342; 3 Rich. 440; 91 N. W. 874.

Does charge in indictment fall within "offer to bribe" in Section 3? 54 Col. 136; 2 Bouvier's Law Dict. p. 538.

RENEHAN & WRIGHT, for appellees.

Bribery. 10 Ia. 221; 2 Bish. N. Crim. Law, Sec. 85; 3 Wh. Cr. L. P. 2352.

Charge in indictment. Bish. N. C. L. Vol. 1, Sec. 728; 62 Cal. 493; 4 Har. 559; 1 Leg. Gaz. R. 455; 12 Cyc. pp. 176 to 178; 12 Fed. 52; 14 Cal. 159; 122 Mich. 292.

## OPINION.

PARKER, J.—The defendants were separately indicted, charged with the violation of Chapter 75, Laws 1912, relating to bribery. A demurrer was interposed to the indictment in each case, was sustained, and the state appealed.

The defendant, Armijo, it was charged in the indictment, was the City Marshal of the city of Santa Fe, and, it was charged, that "he, the said George W. Armijo, well knowing that the Santa Fe Water and Light Company, a corporation, * * * * furnished water to the City of Santa Fe, and the citizens and inhabitants thereof, and that the franchise under which the said Santa Fe Water & Light Company was furnishing water would expire in the year 1915, and that the question of the renewal of said franchise, or the granting of a new one, was to come before and be passed upon by the City Council of the City of Santa Fe at an early date, did approach Frank Owen, manager of the said Santa Fe Water & Light Company, and did unlawfully, wilfully, corruptly and feloniously propose to receive the sum of twenty thousand dollars, lawful money of the United States of America, to be paid to him, the said George W. Armijo, or his agents or representatives, by the said Santa Fe Water & Light Company, to obtain, procure, control and influence sufficient, or enough, votes of the members of the City Council of the City of Santa Fe, to vote for and obtain the passage of any franchise for the said Santa Fe Water & Light Company, which said Company might write, or which might be more favorable to the interests of said Company, than to the people of the City of Santa Fe, or to the City of Santa Fe, contrary to the form of the statute in such case made and pro-

vided, and against the peace and dignity of the State of New Mexico."

The defendant, Salmon, is charged with the same alleged offense in slightly different language, and except that he is not alleged to be a public officer.

The statute under which these indictments were framed, being Chapter 75, Laws of 1912, for convenience is appended in the margin. Section 1 of the Act, down to the first semicolon, makes it bribery to give to any judicial officer any thing of value to influence his official actions. From the first to the second semicolon, the section makes it bribery to give or promise anything of value for the purpose of "obtaining, securing or influencing," the vote of any municipal officer or member of the legislature. The remainder of the section completes the definition of the crime and provides that the person so giving or promising something of value and the officer receiving the same shall both be guilty of bribery. Section 2 of the Act, is not so clear. It prohibits the giving of anything of value to any judicial, ministerial, or municipal officer, or any member of the legislature, anything to induce or influence him to appoint any person to office, or to influence his action in any matter pending before him, or to perform any duty otherwise than according to law, or with favor or partiality. It thus overlaps, somewhat, the provisions of Section 1 of the Act.

Section 3 of the Act is evidently intended to define the crime of attempted bribery. It is so denominated in the section. It provides that any person who shall "offer or attempt" to bribe any judicial or ministerial officer, member of the legislature, municipal, city or county officer in any of the matters mentioned in the two preceding sections, or any of said officers who shall agree or propose to receive any bribe in any of the cases mentioned in the two preceding sections, shall be guilty of attempted bribery.

It is clear that neither of the defendants are charged with any offense under the first two sections.

The Attorney General argues that the legislature intended to create a new offense, heretofore unknown to the law of bribery, viz: the offense of offering, agreeing, or propos-

ing to bribe. He does not claim the indictments allege an attempt to bribe. He bases his argument upon the whole act, and especially upon the words "offer or attempt" to bribe, occuring in Section 3, of the Act. The argument has a measure of support from the language of that part of Section 1, between the first and second semicolons, wherein the making of any promise, directly or indirectly, "for the purpose of obtaining, securing or influencing" any official action is condemned. If a person who offers to a third person to pay to obtain official action is to be punished, there would seem to be no reason why this same third person who offers or proposes to bribe and solicits money for that purpose ought not, likewise, to be punished. But a closer examination of the language of Section 3 will show that the argument is faulty. Section 3, as before seen, provides that every person who offers or attempts to bribe, and every officer who offers or proposes to receive a bribe shall be deemed guilty of an attempted bribery. This language is in marked contrast with that of Section 1, whereby it is provided, *inter alia,* that the making of any promise to pay, directly or indirectly, to obtain favorable official action shall be a crime. This section would seem to contemplate that the payment or promise may be either made directly to the officer or indirectly through another. Not so with Section 3. There the words "directly or indirectly" are omitted, and the offense is to "offer or attempt" to bribe. Under such circumstances the offer or attempt must be made directly to the officer proposed to be bribed.

Without statutory words enlarging the offense so as to include acts done indirectly, if A offer B money to bribe C, an officer, and B attempts to accomplish the bribery, we assume that A would not be guilty of attempted bribery, but would be guilty as accessory before the fact, the offense being a felony. B, on the other hand would be guilty as principal. People vs. Northey, 77 Cal. 618, 634. It would be immaterial which of the two proposed the bribery in the first instance. They might both be guilty of conspiracy to bribe, but neither could be guilty of an "offer or attempt" to bribe until some overt act was performed in pursuance

of the conspiracy which necessarily, would require some act which would reach the officer proposed to be bribed. We think the legislature used the word "offer" in Section 3, as constituting one form of attempt and, if so, the offer must be made directly to the officer.

It is to be noted that the language used is to offer or attempt to bribe any officer "in any of the matters or things mentioned in the two preceding sections." The "matters or things" referred to must be nothing more nor less than the official action of the officer which is sought to be corrupted. The offering intended must be the attempt by solicitation to. commit the crime which is well recognized as a form of attempt in the cases where the attempt may be so accomplished. 1 Bishop' New Crim. Law, Sec. 767. et seq.; 2 Id. Sec. 88.

It is needless to cite authorities to the point that statutes creating crimes are to be strictly construed. And in this case, no one is to be included within the terms of the act upon strained and doubtful construction of the words used. If the legislature intended to create a new crime— that of offering, agreeing or proposing to a third person to bribe an officer—it would have used terms to so express its intent, or terms which may be safely so interpreted. This has not been done.

It follows that the judgment of the district court in sustaining the demurrers to the indictments was correct, and it will be affirmed, and, it is so ordered.

## CHAPTER 75.

## AN ACT IN REFERENCE TO BRIBERY, ATTEMPTS TO BRIBE, AND OFFERS TO ACCEPT A BRIBE, AND PROVIDING PENALTIES THEREFOR.

Section 1.   Every person who shall give any sum or sums. of money or any other present or reward directly or indirectly or who shall make any promise, contract, obligation or security for the payment or delivery of any money; present, reward or other thing of value to any supreme judge, district judge, or justice of the peace, acting within the State, in order to obtain or procure any opinion,

judgment or decree or to influence or currupt any such judge or justice to be more favorable to one party than to the other in any cause or action or suit or matter pending or to be brought before said judge or justice; or shall directly or indirectly give any sum or sums of money; reward or present or make any promise, contract, obligation or security for the payment  or delivery of any money, reward or present or other thing of value for the purpose of obtaining, securing or influencing the vote of any alderman, member of a city council, or town or village board of trustees, or any member of the legislature of the State, or for the purpose of influencing any such alderman or member of city council or board of trustees or of the legislature of the State, to be more favorable to one side in any action, election, appointment, matter or thing pending or to be brought before any city council, town or village board of trustees or the legislature or either house of the legislature, than to the other; and every person who shall give any money, present, reward, promise, contract, obligation or security or other thing of value, as aforesaid, for the purpose of bribing any of the person or persons hereinbefore named and the judge, justice of the peace, alderman, member of the board of trustees of any town or village, or member of the city council or member of the legislature of the State or (of) either house thereof, who shall in any way accept or receive or agree to accept or receive said money, present, reward, promise, contract, obligation or security for the payment of money or any other thing of value, shall be deemed guilty of bribery, and upon conviction thereof shall be punished by imprisonment for a term of not less than one year nor more than five years. And forever be disqualified from holding office.

Sec. 2.    Every person who shall directly or indirectly give any sum or sums of money or any present, or reward or any promise, contract, obligation or security for the payment of money, or shall give any other thing of value to any judge sitting within the State, or any justice of the peace, or state or county officer, or any officer or employe of any city, county, town or village within the State, or any member of the legislature or (of) either house there-

of, or any other ministerial or judicial officer within the State, with intent to induce or influence such officer to appoint any person to any office or to execute any of the powers in him vested or to influence his action with reference to any matter pending before the said officer, or to perform any duty required of him otherwise than is required by law, with favor or partiality or any consideration, that such officer or officers shall appoint any particulal person to any office, shall be guilty of bribery and upon conviction thereof shall be punished by imprisonment for a term of not less than one year nor more than five years.

Sec. 3. Every person who shall offer or attempt to bribe any member of the legislature or either house thereof, any alderman or member of any city council, or any member of any board of trustees of any town or village, or any county or city officer, or other ministerial or judicial officer, including any judge or justice sitting within the State, in any of the matters or things mentioned in the two preceding sections, and every person who, being a member of the legislature, alderman, or member of a city council or board of trustees of any town or village, or any county officer or other ministerial or judicial officer within the county or State, who shall agree or propose to receive any bribe or thing of value in any of the cases mentioned in the two preceding sections, shall be guilty of attempted bribery and upon conviction thereof shall be fined in a sum not less than one hundred dollars nor more than one thousand dollars or by imprisonment not less than one year nor more than two years, or by both such fine and imprisonment.

Sec. 4. That it is necessary for the preservation of the public peace and safety of the inhabitants of the State of New Mexico that the provisions of this Act shall become effective at the earliest possible time and therefore an emergency is hereby declared to exist, and this Act shall take effect and be in full force and effect from and after its passage.