## SOUTH CAROLINA PRODUCE ASS'N v. COMMISSIONER OF INTERNAL REVENUE.

### No. 3143.

Circuit Court of Appeals, Fourth Circuit.

June 17, 1931.

Allen G. Gartner, of Washington, D. C., for petitioner.

Wm. Cutler Thompson, Sp. Asst. to Atty. Gen. (G. A. Youngquist, Asst. Atty. Gen., J. Louis Monarch, Sp. Asst. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Nathan Gammon, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for respondent.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

This is a petition to review a decision of the United States Board of Tax Appeals, involving deficiencies in income taxes for the fiscal years ended September 30, 1923, and September 30, 1924, in the amounts of $165.50 and $456.30, respectively. 19 B. T. A. 1028.

Petitioner is a corporation organized under the general corporation statutes of South Carolina, with its principal office at Meggett, S. C., and since its organization in 1915 has been engaged in marketing perishable produce and purchasing supplies for its members. It has authorized capital stock of $20,000, divided into 1,000 shares, voting common stock of $10 par value, and 1,000 shares nonvoting common stock of $10 par value. The petitioner charged all its members a commission of 5 per cent. on sales made for them, which was its only source of income, except interest on its bank deposits during the years under review, and paid annual dividends to its stockholders of 10 per cent. upon its capital stock for all years dating from its organization from 1915 to 1924, inclusive. Subsequent to 1924 it decreased its annual dividends to 7 per cent. The legal rate in South Carolina was, and is, 7 per cent., except when by written agreement it could be made 8 per cent. In addition to the dividends paid, the petitioner had in the years 1923 and 1924 a surplus of $89,583.03 and $93,381.18, respectively, and, in addition, had a reserve for bad debts of $1,500 in each year, and a reserve for depreciation of $12,576 and $16,229.10, respectively.

The only issue is whether petitioner is exempt from taxation for its fiscal years ended September 30, 1923, and 1924, under the provisions of sections 231 (11) of the Revenue Acts of 1921 (42 Stat. 253) and 1924 (26 USCA § 982 note), which are identical, and which are as follows:

"Sec. 231. The following organization shall be exempt from taxation under this title—

"(11) Farmers', fruit growers', or like associations, organized and operated as sales agents for the purpose of marketing the products of members and turning back to them the proceeds of sales, less the necessary selling expenses, on the basis of the quantity of produce furnished by them; or organized and operated as purchasing agents for the purpose of purchasing supplies and equipment for the use of members and turning over such supplies and equipment to such members at actual cost, plus necessary expenses."

All of the provisions of article 522 of the Commissioner's Regulations 62, pertaining to the 1921 act, are contained in article 522 of his Regulations 65 of the 1924 Act, which provides:

"Art. 522. *Cooperative Associations.*— (a) Cooperative associations, acting as sales agents for farmers, fruit growers, live-stock growers, dairymen, etc., or engaged in the marketing of farm products, and turning back to the producers the proceeds of the sales of their products, less the necessary operating expenses, on the basis of the produce furnished by them, are exempt from income tax and shall not be required to file returns. Thus cooperative dairy companies which are engaged in collecting milk and disposing of it or the products thereof and distributing the proceeds, less necessary operating expenses, among the producers upon the basis of the quantity of milk or of butter fat in the milk furnished by such producers, are exempt from the tax. If the proceeds of the business are distributed in any other way than on such a proportionate basis, the association does not meet the requirements of the statute and is not exempt. The accumulation and maintenance of a reasonable reserve for depreciation or possible losses or a reserve required by State statute or a reasonable sinking fund or surplus to provide for the erection of buildings and facilities required in business, or for the purchase and installation of machinery and equipment, or to retire indebtedness incurred for such purposes, will not destroy the exemption. A corporation organized to act as a sales agent for farmers, or to market cooperatively the products of the farm, and having a capital stock on which it pays a dividend not exceeding 8 per cent. per annum or not exceeding the legal rate of interest, and in which the voting control is retained by the shareholders who are actual producers, will not for such reasons be denied exemption.

"(b) Cooperative associations organized and operated as purchasing agents for farmers, fruit growers, live-stock growers, dairymen, etc., for the purpose of buying supplies and equipment for their use and turning over such supplies and equipment to them at actual cost, plus necessary operating expenses, are also exempt. The provisions of paragraph (a) relating to a reserve, sinking fund, or surplus, and to capital stock shall apply to associations coming under this paragraph."

In order to be exempt under either (a) or (b), an association must establish that it has no net income for its own account other than that reflected in a reserve, sinking fund, or surplus specifically authorized in paragraph (a). An association acting both as a sales and a purchasing agent is exempt if as to each of its functions it meets the requirements of the statute.

The Board of Tax Appeals found that the petitioner came within the provisions of the statute and regulations with respect to being a "farmer's association organized and operated as a sales agent for the purpose of marketing the products of its members and, also, purchasing supplies for the use of its members," but that it did not come within the provisions of the statute and regulations with respect to the distribution of its net receipts. With this conclusion we agree. The statute clearly states that exempt organizations must be organized and operated for the purpose of turning over the proceeds of their sales to its members, less the necessary selling expenses. This the petitioner did not do, for it paid a 10 per cent. dividend to its stockholders and reserved susbtantial sums for surplus and reserve.

While rules of statutory construction are applied to solve doubts, they are not applied to create them, and, where there is no ambiguity, there is no need for either a liberal or strict construction. Flannagan v. Provident Life & Accident Ins. Co. et al. (C. C. A.) 22 F.(2d) 136; Ruggles v. Illinois, 108 U. S. 526, 2 S. Ct. 832, 27 L. Ed. 812; Hamilton v. Rathbone, 175 U. S. 414, 20 S. Ct. 155, 44 L. Ed. 219.

Exemptions from taxation are not favored, and, if any rule of interpretation were to be invoked, it would be the rule that the statute in question would be strictly construed as against petitioner. Hoge v. Railroad Co., 99 U. S. 348, 355, 25 L. Ed. 303; Bank of Commerce v. Tennessee, 161 U. S. 134, 146, 16 S. Ct. 456, 40 L. Ed. 645.

There is no need to quote authority to the effect that the Secretary of the Treasury cannot, by his regulations, alter or amend a revenue law (see Morrill v. Jones, 106 U. S. 466, 1 S. Ct. 423, 27 L. Ed. 267), but, assuming, without deciding, that the regulation above set out does not amend the act, the petitioner cannot complain of the regulation, because it is clearly, if anything, more liberal than the act, which itself does not specifically authorize the creation of a surplus and a payment of dividends. The petitioner does not come within the regulation because admittedly for the years in question its payment to its stockholders exceeded the rate fixed. Again assuming, without deciding, that the statute permitted the payment of any dividends or the creation of any surplus, certainly no greater rate of dividend would be permitted than that allowed by the regulation, and in no event has the petitioner brought himself within the class of those entitled to exemption for the years in question.

The decision of the Board of Tax Appeals is affirmed.