355 P.2d 287

STATE of New Mexico ex rel. STATE HIGHWAY COMMISSION of New Mexico, Petitioner-Appellant,

v.

Felipe MARQUEZ, Zenaida Marquez, his wife, and Leonard M. Giles, Defendants-Appellees.

No. 6715.

Supreme Court of New Mexico.

Sept. 13, 1960.

Hilton A. Dickson, Jr., Atty. Gen., Hadley Kelsey, Charles S. Solomon, John C. Worden, Sp. Asst. Attys. Gen., for appellant.

H. E. Blattman, Las Vegas, for appellees.

NOBLE, Justice.

This appeal results from condemnation proceedings by the State Highway Commission to take land, access rights and properties for highway purposes in Guadalupe County. Appellant claims error principally because the reports of the commissioners appointed to assess damages were not returned under oath and that appellant was denied a jury trial de novo on the issue of damages, notwithstanding that the notice of appeal and demand for such trial de novo was not filed within twenty days after confirmation of the reports as provided by the eminent domain statutes.

We are immediately faced with the question as to whether claimed errors or irregularities in the reports of the commissioners appointed to view and appraise the properties and rights being condemned, can be raised by an appeal from the judgment of August 10, 1959. Appellant filed its petition to condemn land, access rights and

properties of various owners for highway purposes, and immediate right of entry was granted. The commissioners appointed to appraise the damages filed their report assessing damages to tract 14 on December 4, 1958, and to tract 13 on February 25, 1959. These are the only two tracts involved in this appeal. Objections to the reports were filed by both appellant and appellees. After notice and hearing the court entered its order on March 24, 1959, confirming the reports of the commissioners as to both tracts. Appellant filed notice of appeal to the district court and demand for jury trial more than twenty days after the order confirming the reports of the commissioners, and on May 21, 1959, filed a motion to quash the order confirming the reports of the commissioners. This motion we shall consider as a motion to vacate. In the meantime, appellees had filed and given notice of hearing on a motion for judgment.

The motion to quash the order confirming the reports of the commissioners, for the first time, called the attention of the trial court to the fact that the commissioners' reports were not under oath as required by § 22–9–3, N.M.S.A. 1953 Comp. After hearing, the motion to quash was denied and a judgment entered on August 3, 1959, which recited the damages reported by the commissioners; the confirmation of their report; the fact that notice of appeal to the district court was filed more than twenty days after confirmation of the reports of

the commissioners; and rendering judgment against appellant and its surety. This judgment described the real estate and access rights being condemned but did not award title nor any rights to appellant. No complaint is made of that fact. On August 10, 1959, a supplemental judgment was entered in exactly the same language as the judgment of August 3, 1959, except that the name of appellant's surety was omitted. Appellant appealed from both the judgment of August 3rd and of August 10th. The latter judgment recites it is in lieu of the judgment of August 3rd. The effect of the latter judgment was to vacate the former. This appeal is, therefore, from the judgment of August 10, 1959.

Since appellant's ultimate contention is that the court erred in denying appellant a trial de novo in the district court, we are thus brought to a determination as to whether the order confirming the commissioners' reports or the judgment of August 10th is the final judgment fixing damages for the property taken. Some contention is made that the clerk of the court failed to mail copies of certain matters to appellant. However, it is not controverted that the order confirming the reports of the commissioners was prepared by appellant.

If the order of March 24, 1959, confirming the commissioners' reports was the final judgment, then, under § 21–9–1, N.M.S.A. 1953 Comp., the district court lost jurisdic-

tion over that judgment thirty days after its entry, and no appeal having been perfected from that judgment, an appeal from the judgment of August 10, 1959, cannot bring into question, for review here, the judgment of March 24th. The particular complaint under appellant's first point is that, the commissioner's reports, not being under oath, could not be considered as evidence to support the judgment awarding damages.

Mr. Justice Brice, in State ex rel. Weltmer v. Taylor, 42 N.M. 405, 408, 79 P.2d 937, 939, reviewed eminent domain proceedings as follows:

"Condemnation proceedings under the New Mexico statutes are instituted by the filing of a petition in the district court, setting forth certain facts, among which is the description of the real estate to be condemned, the name of the owner, if known, etc., and praying for the appointment of three disinterested freeholders as commissioners to assess the damages which the owner may sustain. Notice of such petition must be served on the owner of the land at least five days prior to the time it is to be presented to the district court for an order appointing commissioners. Thereupon, the district court, on being satisfied that due notice of the pendency of the petition has been given, shall appoint three disinterested commissioners, who shall be freeholders, residents of the county in which the real estate, or a part thereof is situated, to assess the damages which the owner may sustain by reason of the appropriation of his land. When the commissioners have viewed the property they are required to make a return under oath, assessing the amount of the damages, '* * * and the clerk shall file and record the said report; and thereupon such company shall pay to the said clerk the amount thus assessed, for the party in whose favor such damages have been assessed; and on making such payment it shall be lawful for such company to hold the interest in the property so appropriated for the uses aforesaid; and upon the failure to pay the assessment aforesaid, the court may, upon motion and notice by the party entitled to such damages enforce the payment of the same by execution.' Section 43–103, N.M.Sts. 1929."

Section 22–9–8 N.M.S.A. 1953, provides that any person dissatisfied with the report of the commissioners may file notice of appeal to the district court within twenty days after entry of an order confirming such report. The notice of appeal, from which a trial de novo in the district court results, is "from the said order and confirmation." State ex rel. City of Albuquerque v. Johnson, 45 N.M. 480, 116 P.2d 1021.

Our decision in Board of County Commissioners v. Wasson, 37 N.M. 503, 24 P.2d 1098, bears directly upon the issue before us. There the report of the commissioners was confirmed and judgment rendered for the amount assessed. Within thirty days thereafter a motion was filed to vacate the order confirming the report and praying to have a prior commissioners' report, assessing damages in a smaller amount, confirmed. The motion was denied. More than thirty days after entry of the confirming order a second motion to vacate was filed, alleging substantially the same ground. The second motion was sustained and an appeal from the order vacating the order of confirmation followed. This court said, 37 N.M. at page 510, 24 P.2d at page 1102:

"When the court on June 22, 1931, overruled the motion filed June 16, 1931, it had lost jurisdiction in this instance to again entertain the motion filed July 25, 1931, and it committed error on July 25, 1931, in sustaining the motion filed July 25, 1931, for which the cause must be reversed and remanded, with instructions to deny the appellees' motion to vacate and to reinstate the final judgment entered for appellant."

■ From a review of the decisions of this court, we conclude that, under the applicable eminent domain statutes, and under the facts of this case, the order confirming the commissioners' reports is the final judgment fixing the damages for the properties taken.

■ The order confirming the report of the commissioners, where right of entry has been granted, becomes final twenty days thereafter, if notice of appeal to the district court is not filed as provided by § 22–9–8, or waived by conduct of the parties.

In the instant case, the court had lost jurisdiction over its order confirming the commissioners' report before the filing of the motion to vacate that order. The report of the commissioners, confirmed by the final judgment of March 24th, cannot be reviewed by an appeal from the judgment of August 10, 1959. We, therefore, do not determine the effect of the report if properly presented for review. Other irregularities in the report of the commissioners are urged, but not made the subject of points relied upon for reversal. However, what we have said disposes of such claimed irregularities.

■ Appellant next complains that, notwithstanding the failure to file notice of appeal as provided by § 22–9–8, the state is entitled to a trial de novo as a matter of right, and urges, first, that since both parties objected to the commissioners' reports, appellant is entitled to a trial de novo, even though notice of appeal was not filed within the time limited by statute. Counsel for appellant contend that the decision in State

ex rel. Deering v. Fifth Judicial District Court, 54 N.M. 292, 222 P.2d 609, is controlling and requires a reversal of this case. We do not so construe our decision in the Deering case, supra. Counsel seem to urge that decision as requiring a trial de novo where both parties objected to the commissioners' report. It was not the objection of both parties to the report, standing alone, upon which that decision rested. Our decision in the Deering case turned on a waiver of the notice of appeal by conduct of the parties. No waiver of notice is present in the instant case.

■ Appellant also contends, in the alternative, that where more than one report is filed by the commissioners assessing damages to separate tracts, either a single report as to all tracts involved is required, or if separate reports are permissible, the time for filing notice of appeal under § 22–9–8 does not commence to run until the last of such reports is filed. It is asserted that to require a condemnor to watch for the filing of separate reports and orders of confirmation places an undue burden on a condemnor. That, however, is a matter for the legislature.

■ Either party to a condemnation proceeding can, as a matter of right, secure a jury trial de novo by following the procedure set out in § 22–9–8, supra, which reads in part as follows:

"Within twenty (20) days after the final confirmation of *any* report of such commissioners, * * * any person interested therein may appeal from the said order and confirmation to the district court of the proper county, by filing a notice with the clerk of said court that an appeal has been so taken, and thereupon the clerk shall docket said cause in the district court and it shall stand for trial in said court as other civil causes are tried and shall be tried de novo, * * *" (Emphasis ours).

■ Words used in a statute are to be given their ordinary and usual meaning unless a different intent is clearly indicated. State v. Martinez, 48 N.M. 232, 149 P.2d 124, 155 A.L.R. 811; Albuquerque Lumber Co. v. Bureau of Revenue, 42 N.M. 58, 75 P.2d 334.

Webster's New International Unabridged Dictionary, 2nd Ed., defines "any" as:

"1. Any or a one indiscriminately from all those of a kind implied in the context or expressed with a partitive *of*; one part or individual without regard to how great or small, * * *

"2. One of two, either. * * *"

■ The words "any report" as used in the statute contemplate that more than one report may be filed. The statute requires that notice of appeal to the district court be

360

filed within twenty days after final confirmation of *any* report.

If more than one report is filed such notice of appeal must be filed within twenty days after entry of any (each) order of confirmation from which a party desires a trial de novo.

We cannot agree with appellant's contention that, under the circumstances here present, denial of a trial de novo amounted to a default judgment against the state. We have pointed out that counsel for appellant drafted the order confirming the report of the commissioners. Notice of appeal to the district court, of course, is optional. It differs from a failure to answer a pleading. Holding, as we have, that the order confirming the commissioners' report is the final judgment, unless appealed to the district court, denial of a trial de novo, under the facts of this case, did not amount to a default judgment against the state. The judgment appealed from had no effect except to determine that notice of appeal to the district court had not been filed within twenty days after entry of the order confirming the commissioners' report.

For the reasons stated the judgment of the district court will be affirmed, and It Is So Ordered.

COMPTON, C. J., and CARMODY and CHAVEZ, JJ., concur.

MOISE, J., not participating.