390 P.2d 437

STATE of New Mexico, Plaintiff-Appellant,

v.

SHOP RITE FOODS, INC., d/b/a Piggly
Wiggly and John Ridgeway, De-
fendants-Appellees.

STATE of New Mexico, Plaintiff-Appellant,

v.

SHOP RITE FOODS, INC., d/b/a Piggly
Wiggly, Defendant-Appellee.

No. 7362.

Supreme Court of New Mexico.

March 16, 1964.

Earl E. Hartley, Atty. Gen., Norman S. Thayer, Joel M. Carson, Wayne Wolf, Asst. Attys. Gen., Santa Fe, for appellant.

McKenna & Sommer, Santa Fe, for appellees.

NOBLE, Justice.

Defendants, Shop Rite Foods, Inc., doing business as Piggly Wiggly and its employee, John Ridgeway, were charged in criminal cause No. 15768, Bernalillo County, with violation of § 49–1–5 N.M.S.A.1953. The information and bill of particulars considered together charged the store with advertising for sale 6-bottle cartons of king-size cokes, the first 2 cartons for 29 cents each and additional cartons for 39 cents, and with refusing a prospective purchaser more than 2 cartons at 29 cents each.

The corporate defendant was charged in cause No. 15863 with offering by advertisement to sell "Swift's Butterball Broad Breasted Hen Turkeys" for 33 cents per pound for the first turkey and 39 cents per pound for all additional turkeys and did thereby limit the number of turkeys any one purchaser might purchase at 33 cents per pound.

The two cases were consolidated in the lower court for trial and are consolidated here on appeal. This appeal is from orders entered by the trial court quashing the informations in the two cases.

Section 49–1–5 N.M.S.A.1953 reads:

"It is unlawful for any merchant to advertise or offer for sale any item of merchandise with a limitation upon the number of such items which any purchaser may purchase at the advertised price. It is further unlawful for any merchant offering or advertising any such item of merchandise in his place

of business at any given price to refuse to sell to any prospective purchaser for cash the whole or any part of his stock of such items at such price."

A criminal penalty for violation is provided by § 49–1–6 N.M.S.A.1953. Whether the criminal informations charged an offense within the terms of the statute depends upon an interpretation of its language.

■ The state argues that the statute was enacted as a deterrent to loss-leader sales and that the legislature obviously intended to prohibit a merchant from limiting the quantity of sales of any item at the lowest advertised price. The argument does not impress us.

■ Defining crimes and providing the penalty therefor is a legislative function. The courts ought not to inquire into the wisdom or the policy of an act of the legislature. Arnold v. Board of Barber Examiners, 45 N.M. 57, 109 P.2d 779. A cardinal rule in the construction of a statute is to ascertain and give effect to the intent of the legislature as it is expressed in the words of the statute. Asplund v. Alarid, Assessor of Santa Fe Co. et al., 29 N.M. 129, 219 P. 786; In re Santillanes, 47 N.M. 140, 138 P.2d 503. And penal statutes must be strictly interpreted with respect to the offense. State

v. Armijo; State v. Salmon, 19 N.M. 345, 142 P. 1126. It is axiomatic that language defining crimes cannot be extended by intendment but the intention is to be ascertained from the language of the statute itself, and where it is plain and unambiguous, the " * * * Legislature must be understood as meaning what it expressly declared." State v. Thompson, 57 N.M. 459, 260 P.2d 370.

■ Applying these rules of construction, it becomes apparent that the advertised price was one or two items at one price and additional items at a higher price. The informations charged neither a limitation upon the number of items which any purchaser might buy at the advertised price nor a refusal to sell to any prospective purchaser the whole or any part of such items of merchandise at the advertised price.

It follows that the information in each case failed to charge an offense within the meaning of the words used in the statute and the orders quashing the informations were properly entered. The orders appealed from should be affirmed.

It is so ordered.

COMPTON, C. J., CARMODY and MOISE, JJ., and J. V. GALLEGOS, D. J., concur.