454 P.2d 967

**A. P. WINSTON, Jr., Plaintiff-Appellee,**

**v.**

**The NEW MEXICO STATE POLICE BOARD and Irving E. Moore, I. D. Worrell, Clay Fultz, Henry Jaramillo and Pilar Sachs, Individually and as Members of the New Mexico State Police Board, Defendants-Appellants.**

**No. 8655.**

Supreme Court of New Mexico.

June 2, 1969.

Boston E. Witt, Atty. Gen., Santa Fe, David R. Gallagher, Sp. Asst. Atty. Gen., Albuquerque, for appellants.

Grantham, Spann, Sanchez & Rager, Albuquerque, Jones, Gallegos, Snead & Wertheim, Santa Fe, for appellee.

## OPINION

NOBLE, Chief Justice.

Pursuant to a regulation adopted by the State Police Board April 26, 1967, effective June 1, 1967, A. P. Winston, then 57 years of age, was involuntarily retired as a state police officer because he had completed thirty years of service. In a declaratory judgment proceeding, the trial court declared the Board to be without lawful authority to require Winston's involuntary retirement prior to his attaining the statutory mandatory retirement age of 61, and permanently enjoined and restrained the Board from attempting to enforce the retirement order. The State Police Board has appealed.

The retirement order promulgated by the Board requires the involuntary retirement of police officers at age 61 or upon the completion of thirty years of service, whichever first occurs.

▇ The authority of the police board to promulgate rules and regulations must be found in and is limited by statute. Morrow v. Clayton, 326 F.2d 36 (10th Cir. 1963). See Federal Trade Comm'n v. Nat'l Lead Co., 352 U.S. 419, 77 S.Ct. 502, 1 L.Ed.2d 438. We, accordingly, examine the statutes to ascertain the authority of the police board and the limitation of its power to involuntarily retire police officers. See Pan American World Airways v. United States, 371 U.S. 296, 83 S.Ct. 476, 9 L.Ed.2d 325, and the statement of the rule in 1 Am.Jur.2d Administrative Law § 44, at 846. It is, of course, a fundamental principle of administrative law that the authority of the agency is not limited to those powers expressly granted by statute, but includes, also, all powers that may fairly be implied therefrom. Morrow v. Clayton, supra; United States v. Pennsylvania R. R., 323 U.S. 612, 65 S.Ct. 471, 89 L.Ed. 499.

The Board agrees that any power it has in this respect must be found in § 39-2-21, N.M.S.A. 1953, reading:

"The New Mexico state police board shall have authority to make and promulgate rules and regulations for the purpose of carrying out the provisions of this article (New Mexico Compilation of 1941, chapter 40, article 2 [39-2-1 to 39-2-26]). Said board shall establish by rules, from time to time, standards of conduct for members of the New Mexico state police and a copy thereof shall be delivered to each such member and displayed at each station of said department. Such rules shall be filed with the librarian of the Supreme Court library pursuant to New Mexico Compilation of 1941, section 3-713 [4-10-13] as amended."

▇ Legislative intent is to be determined primarily by the language of the act, State v. Shop Rite Foods, Inc., 74 N.M. 55, 390 P.2d 437; and words used in a statute are to be given their ordinary and usual meaning unless a different intent is clearly indicated. State ex rel. State Highway

Commission v. Marquez, 67 N.M. 353, 355 P.2d 287. It is likewise a cardinal rule that in construing particular statutory provisions to determine legislative intent, an entire act is to be read together so that each provision may be considered in its relation to every other part, and the legislative intent and purpose gleaned from a consideration of the whole act. Drink, Inc. v. Babcock, 77 N.M. 277, 421 P.2d 798. An examination of the whole act (§§ 39-2-1 to 39-2-26, N.M.S.A. 1953) convinces us that the retirement rule promulgated by the State Police Board is neither expressly nor impliedly authorized by statute.

With regard to the above-quoted statute, the appellant State Police Board does not suggest that the retirement rule constitutes a standard of conduct, nor does it point to any "provisions of this article" which might authorize such a rule. And we find nothing in the statute relating to state police (§§ 39-2-1 to 39-2-26, N.M.S.A. 1953) disclosing any purpose to limit the period during which a police officer is to be permitted to serve. Indeed, other provisions of the article make it apparent to us that such service is intended by the legislature to be without limitation of time except for a maximum age limit (§ 39-2-6(B), N.M.S.A. 1953, Supp. 1967). It is expressly provided in § 39-2-4, N.M.S.A. 1953, that the chief and all officers and patrolmen shall hold their offices during good behavior, subject only to removal in the manner provided by statute. In this regard, § 39-2-11, N.M.S.A. 1953, provides for disciplinary proceedings and specifically:

"No member of the state police holding a permanent commission, other than the chief, shall be removed from office, demoted, or suspended except for incompetence, neglect of duty, violation of a published rule of conduct, malfeasance in office, or conduct unbecoming an officer * * *."

Appellee was not removed for cause, nor can it be suggested that the retirement rule constitutes one of the disciplinary causes.

**312**

It follows that, there being no statutory authority for the retirement rule in question, the judgment appealed from should be affirmed.

It is so ordered.

TACKETT, J., and WALDO SPIESS, C. J., Court of Appeals, concur.