531 P.2d 1232

**S. S. KRESGE COMPANY, a Michigan Corporation, Appellant,**

v.

**The BUREAU OF REVENUE of the State of New Mexico, Appellee.**

No. 1625.

Court of Appeals of New Mexico.

Jan. 29, 1975.

Patrick W. Hurley, Keleher & McLeod, Albuquerque, for appellant.

Toney Anaya, Atty. Gen., Vernon O. Henning, Daniel H. Friedman, Bureau of Revenue, Asst. Atty. Gen., Santa Fe, for appellee.

OPINION

LOPEZ, Judge.

This proceeding is a direct appeal from a decision and order of the Commissioner

of Revenue denying a protest by the taxpayer (S. S. Kresge Company) against the imposition of gross receipts tax [§§ 72–16A–1 to 72–16A–19, N.M.S.A.1953 (Repl. Vol. 10, pt. 2, Supp.1973)], penalty and interest. We affirm.

Agreements were entered into between the taxpayer and several other companies which provided for the use of space in the taxpayer's department stores for the purpose of retailing certain items. The commissioner found that these were license agreements and that the receipts from these arrangements were taxable under § 72–16A–3(F), supra. The taxpayer contends that the agreements were leases of real property and, therefore, deductible from the gross receipts tax under § 72–16A–14.8, supra.

The decision and order of the commissioner will be set aside by this court only if found to be: "(1) arbitrary, capricious or an abuse of discretion; (2) not supported by substantial evidence in the record; or (3) otherwise not in accordance with the law." Section 72–13–39(D), N.M.S.A. 1953 (Repl. Vol. 10, pt. 2, Supp.1973).

(1) The ruling of the commissioner in no way appears to be arbitrary, capricious, or an abuse of discretion; nor is it attacked as such by the taxpayer.

■■■ (2) " 'License' is not defined in the statutes. Accordingly, 'license' is to be given its ordinary meaning unless a different intent is clearly indicated. * * *" New Mexico Sheriffs and Police Ass'n v. Bureau of Revenue, 85 N.M. 565, 514 P.2d 616 (Ct.App.1973). The ordinary meaning is "permission to act." Under this definition, there is substantial evidence to support the commissioner's finding that the agreements were licenses.

"The character of the instrument is not to be determined by its form, but from the intention of the parties as shown by the contents of the instrument." Transamerica Leasing Corp. v. Bureau of Revenue, 80 N.M. 48, 450 P.2d 934 (Ct.App.1969). In each instrument the following disclaimer appears.

"The parties do not intend this Agreement to constitute a joint venture, partnership, or *lease* and nothing herein shall be construed to create such a relationship." [Emphasis added]

No intention by the parties to the agreements to create anything other than a license is clearly indicated either in the exhibited instrument or in the record. Therefore, the taxpayer has not established the necessary intent to refute the commissioner's finding. Westland Corporation v. Commissioner of Revenue, 84 N.M. 327, 503 P.2d 151 (Ct.App.1972); Reed v. Jones, 81 N.M. 481, 468 P.2d 882 (Ct.App. 1970).

(3) The Bureau of Revenue is empowered to collect a tax for the privilege of engaging in business in New Mexico. Section 72–16A–4, supra. The tax is paid, among other things on money received from selling property in New Mexico. Section 72–16A–3(F), supra. "Property" includes licenses. Section 72–16A–3(I), supra. The commissioner's finding of taxpayer's liability for gross receipts tax on money received from selling licenses is in accordance with law.

There being no further basis for reversing the decision and order of the commissioner, they are hereby affirmed.

It is so ordered.

WOOD, C. J., and HERNANDEZ, J., concur.