(No. 1663, August 7, 1914)

JOSE MARIA SAMOSA, Appellee, vs. CELSO LOPEZ, Treasurer, Appellant.

### SYLLABUS BY THE COURT.

1. A statute of exemption from taxation must receive a strict construction, and, no claim of exemption should be sustained unless within the express letter or the necessary scope of the exemption clause.    P. 317

2.' Sec. 5, Chap. 84, S. L. 1913, construed. Held: The two hundred dollar exemption allowed each head of a family is to be deducted from the true or cash value of the property of the taxpayer and not from one-third of such value.

P. 317

Appeal from District Court, Santa Fe County; Edmund C. Abbott, Presiding Judge. Reversed and Remanded.

IRA L. GRIMSHAW, for Appellant.

Court Erred in Granting Relief to Appellee. Const. of State, Sec. 2, Art. 8; Sec. 5, Chap. 84, L. 1913; Funk & Wagnall's New Standard Dict., p. 1985; Id. 2471; 8 Words & Phrases, 6870-6871; 1 Words & Phrases 375; 1 Cent. Dict. 181; 21 Wall 492, 498-499; 104 U. S. 493, 495; 116 U. S. 665, 667-668; 132 U. S. 174, 185; 143 U. S. 192, 195; 148 U. S. 397, 409; 164 U. S. 662, 666; 68 Fed. 1002, 1003; 83 N. W. 924, 926; 84 N. W. 802, 806; 86 N. W. 281, 282; 56 S. W. 405, 407-8, 504, 506; 49 Atl. 645-646; 52 S. W. 748; 38 N. J. L. 270, 272; 40 N. J. L. 328, 331; 73 Minn. 343, 346; 115 Mich. 546, 547; 102 Mich. 374, 388; 138 Mo. 645, 655-656; 157 N. Y. 51, 54; 82 N. Y. 459, 465; 62 Me. 91, 92; 47 Md. 286, 293; 26 Mass. 178, 180; 76 N. C. 212, 214-215; 53 Pa. St. 219, 220; 117 Ill. 50, 54; 183 Ill. 373, 375; 58 Ind. 130, 133; 69 Ind. 344, 348; 104 Ind. 195, 200; 15 Utah 242, 249; 14 Utah 264, 265-6; 92 Wis. 352, 358; 71 Conn. 316, 329; 132 Fed. 912, 920; 174 U. S. 439, 445; 63 Pac. 383, 384; 65 Miss. 553, 562; 157 Mo. 51, 58; 136 Mo. 446, 450; 123 Ill. 267, 272; 130 Ill. 17, 21; 138 Ill. 85, 86; 160 Ill. 576, 578-579; 174 Ill. 177, 181; 37 Cyc., pp. 292-293; 76 N. J. L. 627, 630; 2 Ariz. 114, 122; 153 Cal. 715, 718; 95 N. L. 554; Id., p. 557.

T. B. CATRON, for Appellee.

Exemption Allowed Taxpayer. Secs. 1, 3, 4, Chap. 81, L. 1913, pp. 112, 113; Sec. 5, Chap. 84, L. 1913, p. 143;

Sec. 3, Chap. 81, L. 1913; 3 Head 697; 175 Mass. 257, 142; Cooley on Taxation, 754-55; 67 N. H. 514; 49 N. J. L. 1; 163 Mass. 283; Sec. 1, Art. 8, Const. of N. M.; 70 N. H. 202.

### STATEMENT OF FACTS.

This is an appeal from the judgment and decision of the Judge of the District Court for the County of Santa Fe rendered in the above entitled cause. The appellee presented unto the District Attorney his petition in writing alleging that an obvious error was manifest in the assessment rolls of Santa Fe County, in this, that his property was assessed at its actual value in the sum of nine hundred dollars and that the two hundred dollar exemption claimed by him, and to which he was entitled, had been deducted from the total actual cash value, rather than from the one-third value fixed as the value for purposes of taxation. Thereupon, said petition was presented to the said court, with the recommendation of the District Attorney, in writing, that the relief prayed for be granted, whereupon a hearing was had and the relief granted.

### OPINION.

HANNA, J.—Appellant assigns several grounds of error which are all based upon the one proposition that the District Court erred in ordering a deduction, of the two hundred dollar exemption allowed heads of families, from one-third of the actual cash value of the property returned by appellee and assessed by the county assessor, instead of a deduction, of such exemption, from the total value of the property.

Under the provisions of Section 2, Chapter 84, of the Session Laws of 1913, it is the duty of every inhabitant of the State, of full age and sound mind to list all property subject to taxation, of which he is the owner or has the control or management, but without fixing the value thereof, except as to merchandise, as to which he is required to fix the average value thereof for the year. By

this section it is made the duty of the county assessor to fix the valuation for purposes of taxation of property contained in the list, or coming to his knowledge in any other way, at one-third of "the actual cash value thereof" in accordance with the standards of valuation of the different classes of property as fixed by the county commissioners. By Section 5 of the same Act, it is provided: "There shall be exempted from taxation property of each head of a family to the amount of two hundred dollars." It is this provision of the statute we are called upon to construe.

The exemption provided is in conformity with the following provisions of the Constitution, which reads:

"The legislature may exempt from taxation property of each head of a family to the amount of two hundred dollars." (Art. VIII, Sec. 11.) There would be no ambiguity in the language of the statute and Constitution, upon the subject of the exemption allowed heads of families, were it not for the fact, as we have seen, that it is made the duty of county assessors "to fix the valuation for purposes of taxation of all property * * * * at one-third of the actual cash value thereof." It is here urged, by appellant, that the exemption must be deducted from the true value, or actual cash value of the property listed for taxation and not from the one-third value fixed for purposes of taxation.

Referring to Chapter 81, Session Laws of 1913, it is to be observed that it was made the duty of the State Board of Equalization to ascertain the true value of all property belonging to railroad, express, sleeping car, telegraph, telephone or other transportation or transmission lines, national and state banks and trust companies, range cattle, horses, sheep and goats and other livestock throughout the state, and when ascertained or determined to fix a valuation upon all such property, for the purposes of taxation, of thirty-three and one-third per centum of the true value thereof, certifying the same to the boards of county commissioners of the several counties of the state. By the same act it was made the duty of county commissioners to proceed in like manner to ascertain the "true

value" of property of different classes subject to taxation within their counties, other than the property to be valued by the State Board of Equalization, and to fix a valuation thereof for taxation purposes of thirty-three and one-third per centum of the true value so ascertained. The duty devolves upon the assessor (Sec. 5, Chap. 81) to list all property for taxation at the valuations so fixed by the State Board of Equalization and Board of County Commissioners, and to assess other property the value of which has not been specifically fixed, by the Board of County Commissioners, at the same proportionate and uniform valuation fixed by the Board upon other property.

Sec. 6, Chap. 84, Session Laws of 1913, "all property real and personal" is subject to taxation except as otherwise provided in the Constitution and as to lands of the United States.

By Sec. 9, of Art. VIII of our Constitution, it is provided that "all property within the territorial limits of the authority levying the tax, and subject to taxation, shall be taxed therein for state, county, municipal and other purposes."

By Chapter 81, of the Session Laws of 1913, the Legislature directed that the true value of property be ascertained and by the terms of the later act of the same session (Chap. 84) it is declared to be the duty of the assessor to fix the valuation for purposes of taxation of all property at one-third the "actual cash value" thereof. "True value," as used in laws providing that property shall be assessed for taxes according to its true value, has been defined to mean the value which it has in exchange for money. State Board of Assessors v. Central R. Co., 4 Atl. 578, 607.

Actual cash value of real or personal property has been defined to be the price it would sell for in the ordinary course of business, free from incumbrance and not at forced sale. Morgan's L. & T. R. S. Co. vs. Board of Reviewers, 3 So. 507, 511. It thus appears that the terms are, practically, synonymous.

It was, therefore, the intent of the legislature to fix the

market or cash value of all property as the basis of taxation to be first ascertained in determining the proportions of the taxpayer's burden.

What the purpose or intent of the legislature may have been in providing that one-third of the true value should be taken for purposes of taxation may be the subject to conjecture, but that all property, real and personal, is subject to taxation at its true or cash value, as herein defined, is not and cannot be disputed.

The statute is clearly intended to provide that property to the amount of two hundred dollars shall be exempt, and as all property is subject to taxation at its true value the exemption must necessarily be deducted from this value. To permit the deduction from one-third of the true value would be, in effect, to materially increase the amount of the exemption.

It is a well established rule of construction that, a statute of exemption from taxation must receive a strict construction, and, no claim of exemption should be sustained unless within the express letter or the necessary scope of the exemption clause. Ford vs. Delta & Pine Land Co., 164 U. S. 662; Cooley on Taxation (3rd Ed.) 357 et seq.; Salisbury vs. Lane, 63 Pac. 383.

Construing Sec. 5, Chap. 84, Session Laws 1913, in the light of this canon of construction, we conclude that the exemption of two hundred dollars granted by the terms of the statute is to be deducted from the true or cash value of property of the taxpayer, and not from one-third of such value.

For the reasons stated, we conclude that the District Court was in error and the judgment of that court is reversed, and the cause remanded for further proceedings in conformity with this opinion, and, it is so ordered.