(96 South. 828)

No. 25684.

### STATE v. TAMPA INTER OCEAN S. S. CO., Inc.

(June 4, 1923.   Rehearing Denied June 8, 1923.)

*(Syllabus by Editorial Staff.)*

1. **Licenses** ⬅11(3)—**Business of steamship agent taxable as one for which no express provision has been made.**

The business of a steamship agent comes within Act No. 233 of 1920, § 26, levying a license on any business with respect to which no provision has been expressly made in that act or any other act of the state.

2. **Licenses** ⬅5—**License tax on steamship agent serving United States government is not levied on government agency and does not interfere with powers of Congress.**

License tax imposed under Act No. 233 of 1920, § 26, on private corporation acting as steamship agent, and serving United States government merely as one of its patrons, is not levied on government agency and does not interfere with powers vested in Congress contrary to Const. U. S. art. 6, cl. 2.

Appeal from City Court of New Orleans; Leon L. Labatt, Judge.

Proceeding by the State against the Tampa Inter Ocean Steamship Company, Incorporated. From a judgment for plaintiff, defendant appeals. Affirmed.

Terriberry, Rice & Young, of New Orleans, for appellant.

Carl C. Friedrichs, of New Orleans, for state tax collector in license matters (Azzo J. Plough and Henry G. McCall, both of New Orleans, of counsel) for the State.

OVERTON, J.   During the year 1922 defendant was engaged in business as a steamship agent in the city of New Orleans. Defendant refused to pay the state a license tax for the privilege of conducting its business for that year, and, therefore, the tax collector filed a rule against it to show cause why it should not pay the license of $62.50 claimed, together, with 2 per cent. per month interest thereon, and also an attorney's fee of 10 per cent., to be calculated on the principal and interest.

Defendant confines its business in this state to representing, in New Orleans, principals engaged in the transportation of passengers and freight, by water, in interstate and foreign commerce. Its duties, as steamship agent, are defined in article 4 of the petition filed by the state. This article is admitted to be true and reads as follows:

"The duties of defendant, as steamship agent, are to enter the ships at the custom house; to solicit cargo for the ships; to engage cargo for the ships; to nominate the ships for lifting the cargo; to arrange for the acceptance of cargo on the wharf; to arrange with the stevedores for loading the cargo on the ships and discharging the cargo from the ships; to issue, in the names of defendant's principals, bills of lading covering the cargo; to collect the freight due the ships; to pay all the ships' disbursements; to clear the ships at the custom house and to remit to the owners or the operators of the ships the freight collected; to attend to all matters pertaining to the immigration service, such as furnishing crew lists and securing identification cards for the seamen, and to assist the masters of the ships in all matters of local customs and regulations, with which the masters are, as a rule, not familiar."

The standard for estimating the amount of the license due for a given year is the amount of business done, during the preceding year,

by the person or firm subject to the license tax, when the business was conducted during such preceding year. Section 32 of Act 233 of 1920. In this instance the business was conducted by defendant during the year 1921, the year preceding the one for which the license is sought to be collected. During that year the business amounted to $19,654.12, of which $16,397.66 was earned by defendant, acting as agent for the United States of America, with respect to ships owned by the government, and the balance, amounting to $3,256.-46, was earned by defendant acting as agent for ships privately owned.

[1] The business of ship agent is not specifically mentioned in Act 233 of 1920 as a business against which a license is levied, nor is it so mentioned in any other law of the state. The business comes within that provision of section 26 of the act of 1920, which levies a license on any business with respect to which no provision has been expressly made in that act or in any other law of the state. Under that clause, not only is defendant subject to a license, if one may be constitutionally exacted for the business pursued by it, but, under the clause, the amount of the license demanded is the correct amount.

Defendant, however, contends that section 26 of the Act of 1920, if it be construed as exacting a license of it for the business in which it is engaged, is unconstitutional, for the reason that it is employed in interstate and foreign commerce, and that section 26, therefore, in the event of such construction, would be in contravention of article 1, § 8, cl. 3, of the Constitution of the United States, "in that the imposition of such license would be an interference with, and a tax upon, interstate and foreign commerce."

In the event the above plea, directed against the constitutionality of section 26, should be overruled, defendant then pleads, in so far as said license is based on the receipts earned by it while acting as agent for the United States, with respect to the ships owned by the government, that the license is in contravention of the federal Constitution, and particularly of article 6, cl. 2, thereof, and that a tax upon defendant, based upon receipts earned as a result of such agency, is a tax upon the United States and an agency thereof, and retards, impedes, and burdens the operation of the laws enacted by Congress to carry into execution the powers vested in the federal government.

The first ground urged against the constitutionality of the license was urged before us recently in the case of the City of New Orleans v. Texas Transport & Terminal Co., 152 La. 497, 93 South. 751. There is no material difference between the facts of that case and the facts in the case at bar, the only difference, worthy of note, being that, in the present case, defendant has, among its patrons, the government of the United States, whereas, in the cited case, the Texas Transport & Trading Company did not have the government as one of its patrons. That difference is not sufficient to differentiate this case from the one cited in so far as relates to the contention that the license is unconstitutional on the first ground urged. In the cited case, it was found that while the business conducted in that instance was connected with interstate and foreign commerce, yet that it formed no part of that commerce, but was local. The same is true in this case. In the case cited, it was held, after reviewing the decisions of the Supreme Court of the United States, bearing on the question, that, "when a tax imposed upon the local business of the steamship agent is not an immediate burden upon the interstate or foreign commerce of the steamship lines, but affects it only incidentally and remotely, if at all," the tax is not one levied in contravention of the commerce clause of the Constitution of the United States, and, therefore, is not unconstitutional on that ground. If the tax involved in

this case affects interstate and foreign commerce at all, it does so, only remotely and incidentally, and hence, applying the above rule here, it follows that the first ground of attack against the constitutionality of the license should be overruled.

[2] It is also urged, however, as we have stated, that the license exacted is one based, in large part, on amounts earned by defendant as an agent of the United States, and, to the extent that it is so based, it is the levy of a license on an agency of the United States, and, in effect, on the government itself. If the tax were one on an agency of the federal government, it would be, in effect, a tax on the government itself, and beyond doubt would be clearly unconstitutional. McCulloch v. Maryland, 4 Wheat. 316, 4 L. Ed. 579. Had Congress created the defendant corporation for the purpose of performing certain services in connection with ships, engaged in commerce, owned by it, then the case would be one in which it could be said that the tax was one on an agency of the federal government; and for that reason, if for no other, the tax would be unconstitutional. In no sense, however, is defendant a branch, agency, or functionary of the federal government. It is merely a private corporation, created under the laws of the state of Florida, doing a local business in the city of New Orleans, and has, among its patrons, the government of the United States, which it serves, for compensation, apparently on the same general basis on which it serves other patrons. It is true that the service performed, in a sense, is in a representative capacity, but that fact alone does not make defendant an agency of the government. We may say, also, that, in our view, the levy of the license in no manner interferes with the powers vested in Congress.

The judgment of the lower court was in favor of plaintiff for the full amount demanded. In our opinion the judgment is correct.

For the reasons assigned, the judgment appealed from is affirmed, appellant to pay the costs of appeal.