## ALWARD v. JOHNSON, TREASURER OF CALIFORNIA.

No. 41. Argued January 8, 1931.—Decided February 24, 1931.

*Mr. Simeon E. Sheffley*, with whom *Mr. Burke Corbet* was on the brief, for petitioner.

*Mr. U. S. Webb*, Attorney General of California, with whom *Mr. H. H. Linney*, Deputy Attorney General, was on the brief, for respondent.

MR. JUSTICE MCREYNOLDS delivered the opinion of the Court.

A tax reckoned, as required by the State Constitution, upon gross revenues derived from an automotive stage line operated by him during the year 1926 between fixed points in California, was assessed against petitioner Alward. He paid one-half, $1,489.39—the first install-ment—and then brought suit in the Superior Court of Sacramento County to recover $1,057.16, the amount imposed because of receipts under his contract for car-rying the mails. He asked judgment for that amount, together with costs, further relief, etc.

Section 15, Article XIII, of the California Constitu-tion, adopted November 2, 1926, provides—

"Taxes levied, assessed and collected as hereinafter provided upon companies owning, operating or manag-ing any automobile, truck or auto truck, jitney bus, stage or auto stage used in the business of transportation of persons or property as a common carrier for compensa-tion over any public highway in this state between fixed termini or over a regular route, . . . shall be entirely

and exclusively for highway purposes, and shall be levied, assessed and collected in the manner hereinafter provided. The word ' companies,' as used in this section, shall include persons, partnerships, joint stock associations, companies and corporations.

"(a) All such companies engaged in the business of transportation of persons, or persons and baggage, or persons and express, or persons, baggage and express where the same is transported on the same automobile, jitney bus, stage or auto stage transporting said persons shall annually pay to the state a tax upon their franchises, cars, equipment, and other property, or any part thereof, used exclusively in the operation of their business in this state, equal to four and one-quarter per cent of the gross receipts from operations of such companies, and each thereof, within this state.

"All such companies operating trucks or auto trucks engaged in the business of transporting property shall annually pay to the state a tax upon their franchises, trucks or auto trucks, equipment, and other property, or any part thereof, used exclusively in the operation of their business in this state, equal to five per cent of the gross receipts from operations of such companies, and each thereof, within this state. . . .

" Such taxes shall be in lieu of all other taxes and licenses, state, county and municipal, upon the property above enumerated of such companies; . . .".

The court below declared that the tax prescribed by the foregoing section of the Constitution is identical in kind with the one inaugurated earlier by Section 14, which applies to railroad, telegraph, telephone, etc., companies. Under both sections taxes are laid according to gross receipts.

The complaint alleges in substance—

The plaintiff is engaged in the business of operating an automotive stage line between Redding and Big Bear,

512

Calif., by virtue of a contract entered into with the Post Office Department. The mails are carried by motor vehicles.

The gross income derived from operating the line during 1926 follows: From carriage of passengers, $8,803.31; from carriage of freight, $9,806.43; from carriage of United States mail, $42,286.73.

Based upon these receipts, the following tax was assessed for the year 1927: On gross income from passengers, $374.14; from freight, $490.32; from United States mail, $2,114.32. He paid one-half of the total sum so assessed—the first installment.

In earning this revenue, plaintiff employed certain designated automotive property, and no other, the actual market value of which did not exceed $15,000. This was devoted chiefly to carrying the mails and had no value in excess of its actual market value; plaintiff's ability to earn more with it than other persons could with the same amount and character of property arose solely from the fact that he had a contract with the United States Government for carrying the mails. Without this the stage line could not be operated profitably.

The assessment against the plaintiff is confiscatory, arbitrary, excessive and does not take into consideration the actual value of the property involved and was made without consideration of any element of value except the gross earnings. The tax rate on property assessed on an ad valorem basis in the counties where plaintiff operates did not exceed three per centum. Replacement value of all property used by him does not exceed $15,000. In carrying the mails he acted under a contract with the Post Office Department and was an agency of the United States not subject to local taxation.

The assessment, in so far as based upon the revenue derived from carrying the mails, was unlawful and the

portion of the first installment reckoned thereon and paid by plaintiff was unlawfully exacted.

The trial court sustained a demurrer to the complaint; its judgment was affirmed by the Supreme Court. The latter held that the tax assessed against the petitioner is essentially one on property and is neither confiscatory, nor so arbitrary as to impair any right under the Federal Constitution. Also that the petitioner did not, through his contract to carry the mails, become an agency of the Federal Government immune from taxation computed according to gross receipts.

The record discloses no question relative to taxation of property outside the State or interference with interstate commerce.

The Supreme Court of the State has declared the tax to be one upon property. The history, purpose and effect of the constitutional provision under consideration have been pointed out in the opinions of that court. *San Francisco* v. *Pacific T. & T. Co.*, 166 Cal. 244; *Pacific Gas & Elec. Co.* v. *Roberts*, 168 Cal. 420; *Lake Tahoe Ry. Co.* v. *Roberts*, 168 Cal. 551. Also by this court in *Pullman Co.* v. *Richardson*, 261 U. S. 330, and *Hopkins* v. *Southern California Tel. Co.*, 275 U. S. 393.

The California Constitution divides property within the State for taxation purposes into several classes and provides for different burdens upon them. There can be no doubt of the general power of a State, where there is reasonable ground therefor, to classify property wholly within her limits and to lay an appropriate tax upon each class. *Bekins Van Lines* v. *Riley*, 280 U. S. 80, 82. It is not possible for us to say that the circumstances of the present cause disclose any arbitrary or unreasonable exertion of such power by the State. The distinction between property employed in conducting a business which re-

quires constant and unusual use of the highways, and property not so employed, is plain enough. Here the tax laid was exclusive of all other taxation, and the funds arising therefrom were assigned to the maintenance of roads, essential to petitioner's operations.

Certainly, petitioner is in no position to complain of an arbitrary exactment. The prescribed method of assessment was permissible, and the mere fact that he was required to pay a higher rate upon property devoted to his peculiar business than was demanded of property not so employed is unimportant.

Nor do we think petitioner's property was entitled to exemption from state taxation because used in connection with the transportation of the mails. There was no tax upon the contract for such carriage; the burden laid upon the property employed affected operations of the Federal Government only remotely. *Railroad Co.* v. *Peniston*, 18 Wall. 5, 30; *Metcalf & Eddy* v. *Mitchell*, 269 U. S. 514. The facts in *Panhandle Oil Co.* v. *Mississippi*, 277 U. S. 218, and *New Jersey Bell Tel. Co.* v. *State Board*, 280 U. S. 338, were held to establish direct interference with or burden upon the exercise of a Federal right. The principles there applied are not controlling here.

The judgment of the court below must be

*Affirmed.*