Weygandt, C. J.
 

 The answer to the single question requiring the attention of this court is found in Section 1345-lc(E)4, General Code, which reads in part as follows:
 

 “E. The term employment shall not include: * * *
 

 “ (4) Service performed in the employ of any governmental unit, municipal or public corporation, political subdivision, or instrumentality of the United States or of one or more states or political subdivisions in the exercise of purely governmental functions.”
 

 Is the plaintiff an “instrumentality of the United States” by reason of the sole fact that it is a voluntary member of the Federal Reserve System? If so, it is exempt from payment of the assessments required by the Unemployment Compensation Act; otherwise the plaintiff must pay the assessments, and its employees will be entitled thereby to the benefits of the act.
 

 Without attempting to formulate a rigid definition of the term “instrumentality of the United States,” as employed in Section 1345-lc(E)4, General Code, this court, experiences little difficulty in reaching the unanimous conclusion that the plaintiff fails to answer that description. It is a privately organized and owned corporation, existing under and by virtue of the statutory law of this state alone. Its authorized purpose is the conduct of a general banking and trust business in this state for profit to its shareholders. Under these circumstances the usual presumption of taxability clearly would apply. However, the plaintiff contends that the additional circumstance of voluntary membership in the Federal Reserve System
 
 ipso facto
 
 transforms its essential character into that of an instrumentality of the United States. That no such im
 
 *354
 
 portance attaches to this incidental feature is apparent upon a study of the petition.
 

 Numerous cases are cited in the briefs, but counsel cannot agree that any one of them is exactly in point.
 

 Since this court is of the opinion that the plaintiff is not an instrumentality of the United States, no question of constitutionality arises.
 

 The judgment of the Court of Appeals sustaining the defendant’s demurrer to the plaintiff’s petition is hereby affirmed.
 

 Judgment affirmed.
 

 Day, Zimmerman, Turner, Williams, Matthias and Hart, JJ., concur.