115 P.2d 62

## PEISKER v. UNEMPLOYMENT COMPEN-SATION COMMISSION et al.

### No. 4614.

Supreme Court of New Mexico.

June 19, 1941.

R. P. Fullerton, of Santa Fe, for appellant.

J. R. Modrall and A. M. Frazier, both of Albuquerque, for appellees.

MABRY, Justice.

Appellant sought a declaratory judgment in his endeavor to recover certain taxes paid by him to appellee Unemployment Compensation Commission and to enjoin the Commission from collecting from him any further tax. Appellee demurred to the petition, the demurrer was sustained and appellant appealed.

The provisions of the Unemployment Compensation Law (Chap. 1, Special Session Laws 1936, as amended by Chap. 129, Laws 1937, and Chap. 175, Laws 1939), which will hereinafter be referred to as the Compensation Act, enacted in conformity with the Federal Act, defines employers subject thereto and includes those persons engaged in the business of coal-mining and employing a certain number of employees. Appellant does not question the finding of the Commission that he employed a sufficient number of persons to bring him within the Act. He seeks to avoid the burden imposed on the principal grounds that he comes within an express exemption provided by the Act, and that he is not within its terms by virtue of another rule of law exempting "Federal instrumentalities" from taxation. The language which appellant relies upon as exempting him under language of the Federal Law, Fed.Code, Ann. Title 31, Sec. 742, 31 U.S.C.A. § 742, is as follows: "Except as otherwise provided by law, all stocks, bonds, Treasury notes, and other obligations of the United States, shall be exempt from taxation by or under State or municipal or local authority."

Appellant argues that since, though engaged in private coal-mining operations, he sells all of his coal so mined to the United States government, the language "and other obligations of the United States" embraces his operations. Appellees question this appraisal of the language, contending that such phrase has reference only to obligations similar in character to those enumerated, i. e., "stocks, bonds, and treasury notes", and cites in support of their contention Hibernia Savings & Loan Society v. San Francisco, 200 U.S. 310, 26 S.Ct. 265, 50 L.Ed. 495, 4 Ann.Cas. 934, which affirmed a decision to this effect of the Supreme Court of California, and reported in 139 Cal. 205, 72 P. 920, 5 L.R.A., N.S., 608, 96 Am.St.Rep. 100. No obligation is imposed upon appellant, appellees urge, the tax being upon appellant's status as an employer; in other words, on his right to employ labor. Carmichael v. Southern Coal & Coke Co., 301 U.S. 495, 57 S.Ct. 868, 81 L.Ed. 1245, 109 A.L.R. 1327, deals with a tax similar in character. We

find no merit in appellant's contention under this point.

The additional point which appellant relies upon is that since his business is mining coal and selling it to the United States government, he is clothed with the character of a Federal instrumentality and therefore not subject to have imposed upon him any liability under the Act for the payment of any tax. The New Mexico Act, in general conformity with like Acts of other states, contains the following exemption applicable to Federal instrumentalities:

"The term 'employment' shall not include: * * * Service performed in the employ * * * of the United States Government, or of an instrumentality * * * of the United States." Section 19(g) (7), Chapter 1, Special Session Laws of 1936, at page 28, and as amended by Chapter 129 Session Laws of 1937, at page 357.

Appellees point out that the above quoted provision was amended by the Legislature at its 1939 session to omit the last phrase, "or of an instrumentality * * * of the United States", thus restricting any exemption set up thereunder to "Service performed in the employ * * * of the United States Government." See Sec. 19 (g), (7) (B) (page 407), Chap. 175, Laws 1939. Authority to tax Federal instrumentalities, which theretofore had been constitutionally immune therefrom, was conferred upon the states by Congress in the said 1939 Amendments of the Federal Social Security Act, 42 U.S.C.A. § 301 et seq., say appellees. See Internal Revenue Code, Sub-chapter C of Chapter 9, § 1606, 26 U.S.C.A. Int.Rev.Code, § 1606.

Appellees further contend that the express exemption of Federal instrumentalities as formerly contained in the New Mexico Act quoted above, and relied upon by appellant, was intended to and did exempt only that class of Federal instrumentalities whose immunity from various forms of State taxation and regulation had already been established by the decision of the Supreme Court of the United States beginning with the early case of McCulloch v. Maryland, 4 Wheat. 316, 432, 436, 4 L.Ed. 579. We concur in this view. We find an identical statutory exemption in the Unemployment Compensation Law of Kansas; and in the case of Capital Building & Loan Association v. Kansas Commission of Labor and Industry, 148 Kan. 446, 83 P.2d 106, 107, 118 A.L.R. 1212, the Supreme Court of that state said: "At the outset, we think it clear that in the enactment of our statute of 1937 the legislature had no thought of enlarging the existing exemptions from state taxation which were and are the right and privilege of federal instrumentalities. The statutory provision concerning exemption of federal instrumentalities from taxation was merely declaratory of existing law * * *." Like construction was given the same provision in the following cases: Unemployment Compensation Commission v. Jefferson Standard Life Ins. Co., 215 N.C. 479, 2 S.E.2d 584; Unemployment Compensation Commission v. Wachovia Bank & Trust Co., 215 N.C. 491, 2 S.E.2d 592.

While appellant thus seeks to claim benefit through statutory exemption which he urges applies to him, and which he claims is to be found in the Act imposing this tax generally upon employers, appellees rely upon the general rule applicable to claims of exemption under a general taxing act, to the effect that the act, including any provision for exemption, is to be strictly construed in favor of the taxing authority and against the one claiming the exemption. New Mexico has adopted this rule. In Samosa v. Lopez, Treasurer, 19 N.M. 312, 142 P. 927, 928, we said: "It is a well-established rule of construction that a statute of exemption from taxation must receive a strict construction, and, no claim of exemption should be sustained, unless within the express letter or the necessary scope of the exemption clause. Ford v. Delta & Pine Land Co., 164 U.S. 662, 17 S.Ct. 230, 41 L.Ed. 590; Cooley on Taxation (3d Ed.) 357 et seq.; Salisbury v. Lane, 7 Idaho 370, 63 P. 383." See Retailers Credit Association v. Commissioner, 9 Cir., 1937, 90 F.2d 47, 50, 111 A.L.R. 152; Allen v. Shelton, 5 Cir., 1938, 96 F.2d 102, 104. The last above cited case employed the following language in denying relief on the ground that certain services were exempt because classed as "agricultural labor": "The rule requiring liberal construction in favor of taxpayers as applied in the Nut Margerine Case [Miller v. Standard Nut Margerine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422] is not applicable where an exemption is claimed."

In the North Carolina case of Unemployment Compensation Commission v. Jefferson Standard Life Ins. Co., supra, Mr. Justice Clarkson, in a well reasoned opinion written for the majority of a divided court, in pointing out that the term "Federal instrumentality" is not properly applicable to a private corporation, existing primarily for profit but granted certain incidental duties and privileges by the Federal government, observed [215 N.C. 479, 2 S.E.2d 587]: "This doctrine of immunity, protecting instrumentalities of either the State or the Federal government from interference at the hands of the other, developed by Marshall * * * to aid the perpetuation of the dual sovereignty established by our Constitution, is not undergoing a process of expansion. Rather, the more recent cases indicate a tendency to restrict more sharply than ever the various exemptions which arise out of the doctrine," citing Clallam County v. United States, 263 U.S. 341, 344, 44 S.Ct. 121, 68 L.Ed. 328; Helvering v. Gerhardt, 304 U.S. 405, 58 S.Ct. 969, 82 L.Ed. 1427.

Appellant, being merely an independent contractor selling a commodity to the government, cannot enjoy the immunity he here claims. Under such circumstances a state may tax property of such an individual measured by his gross receipts, including receipts from the performance of his governmental contract, or may tax his net income, including that derived from his contract with the government. See Alward v. Johnson, 282 U.S. 509, 51 S.Ct. 273,

75 L.Ed. 496, 75 A.L.R. 9; Metcalf & Eddy v. Mitchell, 269 U.S. 514, 46 S.Ct. 172, 70 L.Ed. 384; Atkinson v. State Tax Commission, 303 U.S. 20, 56 S.Ct. 419, 80 L.Ed. 621. Likewise, the state may, under such circumstances, require the payment of license or occupation tax on the business. State v. Tampa Inter Ocean Steamship Co., 153 La. 971, 96 So. 828.

Clearly, appellant conducts a business of his own, in no sense connected with the government excepting as he, by contract, undertakes to sell his products. It cannot be said that his business is an instrument either created or owned by the government; and this status is not altered by the fact that the coal-mining operation is upon lands of the public domain which appellant leases. Appellant is at liberty to sell coal to whomever he pleases, if that could make any difference. The fact that his total output is required to supply the government under his contract to sell to it does not alter the situation. It is also clear that all labor is employed by appellant from the free and open market, and that none of the workers are employees of the government; and that all machinery and equipment used in the business belong to appellant.

Appellant is situated much like plaintiffs in the case of Six Companies, Inc., v. De-Vinney, D.C., 2 F.Supp. 693, where plaintiffs were engaged in the construction of the Boulder Dam project under their contract with the government. They sought to claim immunity from the revenue laws of the state of Nevada. The claim was properly denied. In the case of Baltimore Shipbuilding & Dry Dock Co. v. Baltimore, 195 U.S. 375, 25 S.Ct. 50, 52, 49 L.Ed. 242, in denying a claim of exemption from state taxation, the court in an opinion by Mr. Justice Holmes observed: "It seems to us extravagant to say that an independent private corporation for gain, created by a state, is exempt from state taxation, either in its corporate person or its property, because it is employed by the United States, even if the work for which it is employed is important and takes much of its time." In the case of Thomson v. Union Pacific Railroad Co., etc., 9 Wall. 579, 76 U. S. 579, 19 L.Ed. 792, it was held that a railroad, constructed under the direction and authority of Congress, though for the use and purpose of the United States, is not exempt from taxation under state authority in the absence of any legislation of Congress to that effect. See James v. Dravo Contracting Co., 302 U.S. 134, 149, 58 S.Ct. 208, 82 L.Ed. 155, 114 A.L.R. 318; Federal Compress & Warehouse Co. v. McLean, 291 U.S. 17, 23, 54 S.Ct. 267, 269, 78 L.Ed. 622; Fidelity Philadelphia Trust Co. v. Hines, 337 Pa. 48, 10 A.2d 553. In the latter case the Supreme Court of Pennsylvania held that a state bank, although a member of the Federal Reserve System, was subject to liability for the Unemployment Compensation Law tax of that state, notwithstanding the statute exempted services performed in the employ of a Federal instrumentality. We find a like holding in Western Bank & Trust Co. v. Atkinson, 1940, 137 Ohio St. 352, 30 N.E.2d 341, which holds that a privately organized and owned

bank operating for profit in the ordinary way under state charter is not an "instrumentality of the United States" though it is a member of the Federal Reserve System.

The recent case of Buckstaff Bath House Co. v. McKinley, 308 U.S. 358, 60 S.Ct. 279, 281, 84 L.Ed. 322, on certiorari to the Supreme Court of Arkansas, is clearly against appellant's contention and seems conclusive of the principal question here presented. This case involves the operation by plaintiff corporation of a bathhouse within the United States Reservation at Hot Springs National Park. The corporation was organized for profit; it operated the bathhouse under a long-term lease from the Secretary of the Interior, by the terms of which lease the corporation was subject to substantial regulation and control with reference to qualification of employees, charges to the public for use of the facilities, and upkeep, and care of the premises. The State of Arkansas attempted to establish liability of the plaintiff under the Unemployment Compensation Law of Arkansas, Pope's Ark.Dig. § 8549 et seq., and plaintiff corporation brought an action to enjoin collection of the tax upon the principal ground that it was exempt therefrom as a Federal instrumentality. The Supreme Court denied the claim and in an able opinion delivered by Mr. Justice Douglas observed: "The mere fact that a private corporation conducts its business under a contract with the United States does not make it an instrumentality of the latter. Fidelity & Deposit Co. v. Pennsylvania, 240 U.S. 319, 36 S.Ct. 298, 60 L.Ed. 664. Petitioner's lease from the Secretary of the Interior did not convert it into such an instrumentality. Petitioner 'is engaged in its own behalf, not the government's, in the conduct of a private business for profit'. * * * The control reserved by the Government for protection of a governmental program and the public interest is not incompatible with the retention of the status of a private enterprise. * * * That control, being wholly supervisory, is not to be differentiated from the type of control which the United States may reserve over any independent contractor without transforming him into its instrumentality. See James v. Dravo Contracting Co., 302 U.S. 134, 149, 58 S.Ct. 208, 216, 82 L.Ed. 155, 114 A.L.R. 318."

Appellant confuses the tax here imposed with taxes upon Federal property or Federal instrumentalities in fact. Appellant is not an employee of the Federal government and he is not an instrumentality thereof. His relationship is simply that of an independent contractor selling a commodity to the government; and he is not aided by any provisions to be found in his contract to supply this coal. Even if the property sold—the coal itself—may be exempt from certain state or local tax, appellant, an employer of labor operating as an independent contractor in a private business for profit, though selling all the products from his operations to the government, nevertheless is governed by the Compensation Act. Appellant concedes that he is "a mere business man selling all his prod-

ucts to the United States Government." But, he says that nevertheless, since he is forced to sell under contract and since the government can and does cover him with immunities as such vendor, under the circumstances his contract and the law make him an "instrumentality" of the government.

Appellant thinks the case of James v. Dravo Contracting Co., supra, is not in point. He does not make it exactly clear how he would distinguish, except to say that the case at bar falls within those numerous exceptions mentioned by the United States Supreme Court in that case. There is no merit to this contention.

Appellant is subject to the tax. The judgment will be affirmed, and it is so ordered.

BRICE, C. J., and ZINN, SADLER, and BICKLEY, JJ., concur.