315 P.2d 832

ROBERT E. McKEE, GENERAL CON-
TRACTOR, Inc., Appellant,

v.

BUREAU OF REVENUE OF STATE OF
NEW MEXICO, Appellee.

No. 6224.

Supreme Court of New Mexico.

Sept. 23, 1957.

Keleher & McLeod, T. B. Keleher, and John B. Tittmann, Albuquerque, for appellant.

Charles B. Barker, Santa Fe, for appellee.

GALLEGOS, District Judge.

The plaintiff, appellant herein, a Nevada corporation licensed to do business in the State of New Mexico as a general contractor, brought suit in the District Court of Santa Fe County against the Bureau of Revenue of the State of New Mexico, defendant, appellee herein, to recover compensating or use tax paid by appellant under protest to the State of New Mexico.

The appellant entered into several contracts with the United States of America

for the construction of various buildings and installations upon Federal Reservations within the State of New Mexico.

In the course of performing the contracts during the period between April 1, 1953, and June 30, 1955, appellant purchased material outside of the State of New Mexico in the amount of $453,787.07.

The amount of taxes, interest and penalty paid by the appellant to the appellee under protest is $32,046.45. At the trial appellant admitted owing $196.08 of taxes, penalty and interest assessed on two certain jobs performed and the amount in litigation which appellant sought to recover in the Court below is $31,850.37 of the amount paid under protest.

The District Court dismissed appellant's complaint and entered judgment in favor of appellee. This appeal has followed.

The appellant contends that the tax was illegally assessed against it for the reason that the sales were actually made to the United States and that the State of New Mexico lacked jurisdiction to assess and collect the use or compensating tax on sales made to appellant, outside of the State of New Mexico, for the use and benefit of the United States of America on construction work done on a Federal Reservation and that the appellant did not have the burden of the excise tax imposed by Sections 72–17–1 through 72–17–30, N.M.S.A. (1953).

Each of the contracts entered into between the appellant and the United States provided that appellant as contractor was required to furnish the materials necessary and to perform the work required to complete the contract in accordance with specifications, that title to the material delivered to the site or work in which material was incorporated passed to the United States after acceptance and approval by the Government's representative, the Contracting Officer, and after a full or partial payment had been made to the contractor for the materials or work accepted, and that material and workmanship rejected by the Government had to be replaced or redone by the contractor without additional cost to the Government.

The lower Court concluded that title to the tangible personal property when purchased by the contractor for use or incorporation in the work it was doing for the Government passed to the appellant, that the property purchased by appellant is subject to excise tax imposed by Section 72–17–3, N.M.S.A. (1953); that the failure of appellant to make return of the use or compensating tax and to make payment of the tax when due made the amount subject to penalty and interest as provided by Section 72–17–10, N.M.S.A. (1953). That the direct incidence or burden of the excise tax imposed by the Use or Compensating Tax Act of 1939, being Section 72–17–1 through Section 72–17–30, N.M.S.A. (1953), and as

assessed by appellee upon appellant for its purchase of tangible personal property used by appellant in performing work for the Government was and is upon appellant and not upon the Government.

The New Mexico Compensating or Use Tax Act which was passed by the Legislature in 1939 provides, by Section 3, Chapter 95, New Mexico Session Laws, 1939, appearing as Section 72–17–3, N.M.S.A. (1953) as follows:

"An excise tax is hereby imposed on the storage, use or other consumption in this state of tangible personal property purchased from a retailer on or after July 1, 1939, for storage, use or other consumption in this state at the rate of two percent (2%) of the sales price of such property * * *."

Section 72–17–2(j), N.M.S.A. (1953), provides:

" 'In this state' or 'in the state' means within the exterior limits of the state of New Mexico and includes all territory within such limits owned by or ceded to the United States of America."

Section 4, Chapter 95, New Mexico Session Laws, 1939, appearing as Section 72–17–4, N.M.S.A. (1953), contains this provision:

"The storage, use or other consumption in this state of the following tangible personal property is hereby specifically exempted from the tax imposed by this act (72–17–1 to 72–17–30). * * *

"b. Property, the storage, use or other consumption of which this state is prohibited from taxing by the Constitution and laws of the United States, or by the Constitution of this state, or the storage, use or consumption of such property by the United States government, or by the state of New Mexico, * * *."

The appellant contends that since the work was done and the materials purchased were used on Federal Reservations the State of New Mexico did not have the authority to impose the tax. Appellant cites Article 1, Section 8, Clause 17, of the United States Constitution, which provides, in part, that Congress shall have the power:

"To exercise exclusive Legislation in all Cases whatsoever, over such District (not exceeding ten Miles square) as may, by Cession of particular States, and the Acceptance of Congress, become the Seat of the Government of the United States, * * * and to exercise like Authority over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings."

Appellant further cites Section 7–2–2, N. M.S.A. (1953), through Section 7–2–4, which read as follows:

"*7–2–2. Consent to acquisition of land for federal purposes.*—The consent of the state of New Mexico is hereby given, in accordance with the seventeenth clause, eighth section, of the first article of the Constitution of the United States to the acquisition by the United States, by purchase, condemnation, or otherwise, of any land in this state required for sites for custom-houses, court-houses, post-offices, arsenals, or other public buildings whatever, or for any other purposes of the government.

"*7–2–3. Jurisdiction over federal land — Limitation — Duration.*— Exclusive jurisdiction in and over any land so acquired by the United States shall be, and the same is hereby, ceded to the United States for all purposes except the service upon such sites of all civil and criminal process of the courts of this state; but the jurisdiction so ceded shall continue no longer than the United States shall own such lands.

"*7–2–4. Vesting of federal jurisdiction — Tax exemption — Limitation.*— The jurisdiction ceded shall not vest until the United States shall have acquired the title to said lands by purchase, condemnation, or otherwise; and so long as the said lands shall remain the property of the United States when acquired as aforesaid, and no longer, the same shall be and continue exempt and exonerated from all state, county, and municipal taxation, assessment, or other charges which may be levied or imposed under the authority of this state."

Also appellant calls attention to Article 8, Section 3, of the Constitution of the State of New Mexico which provides:

"The property of the United States, the state and all counties * * * shall be exempt from taxation. * * *"

It is clear from the contracts entered into between appellant and the Government that appellant was required to furnish the materials which it was to use on the Government installations. Appellant purchased the materials and as it did so, it alone became the owner. The Government was to pay for materials after installation as the work progressed or after completion and after inspection and acceptance of the material installed and work done; the Government had the authority to reject any part of the installations which did not meet specifications of the contract and in the event of termination of the contract before completion the contractor, appellant, was required to transfer title and deliver to the Government as directed by the Contracting Officer.

■ The use or compensating tax imposed by the State of New Mexico was not.

a tax on Government land or other Government property but a tax upon the use of property of the appellant.

The Congress of the United States in 1940 enacted what is known as the "Buck Act", Title 4, U.S.C.A. §§ 105–110, which contains the following provision:

"No person shall be relieved from liability for payment of, collection of, or accounting for any sales or use tax levied by any State * * * on the ground that the sale or use, with respect to which such tax is levied, occurred in whole or in part within a Federal area; and such State or taxing authority shall have full jurisdiction and power to levy and collect any such tax in any Federal area within such State to the same extent and with the same effect as though such area was not a Federal area."

Appellant argues that New Mexico lacked authority to collect use taxes against appellant because, the state, at the time of the transactions in question, did not have a taxing statute following the provisions or containing in substance the provisions of the Buck Act, and that the Legislature of New Mexico recognized such lack of authority because in the 1957 Session it enacted Chapter 223 which provides as follows:

"No person shall be relieved from liability for payment of, collection of or accounting for any use or compensating tax levied by this state or by any duly constituted taxing authority herein having jurisdiction to levy such a tax, on the ground that the storage or use, with respect to which such tax is levied, occurred in whole or in part within a Federal area, with such taxes being applicable to all persons on Federal areas to the extent authorized by Congress."

The appellee answers this contention of appellant by saying that the "Buck Act" is by its expressed terms self-executing, further that the tax levied against appellant was an excise tax which appellant was bound to pay upon the purchase of materials regardless of where the materials were to be used and that the State of New Mexico had the statutory authority to impose a compensating or use tax against appellant. It is our belief that the State of New Mexico had sufficient statutory authority to impose a tax against appellant at the time it did. We are not prepared to say that the New Mexico Legislature by enacting Chapter 223 of 1957 Session Laws, supra, recognized previous lack of authority on the part of the State to impose a use or compensating tax under circumstances before us in this case.

It is settled in this State that a statute of exemption from taxation must receive a strict construction, and no claim of exemption should be sustained unless within the express letter or the necessary scope of the exempting clause. Samosa v. Lopez,

19 N.M. 312, 142 P. 927; Peisker v. Unemployment Compensation Commission, 45 N.M. 307, 115 P.2d 62, 63.

In the latter case Peisker, an independent contractor, sought a declaratory judgment to recover taxes paid by him to the Unemployment Compensation Commission and to enjon the Commission from collecting from him any further taxes. Peisker was selling all of the coal mined by him to the United States Government and for that reason claimed that he was clothed with the character of a Federal instrumentality and not subject to the unemployment compensation tax and further that he came within an express exemption provided by the Act which contained the followng provision applicable to Federal instrumentalities:

"The term 'employment' shall not include: * * * Service performed in the employ * * * of the United States Government, or of an instrumentality * * * of the United States." [Laws 1937, c. 129, § 19(g) (7)].

In that case the Court held that appellant being an independent contractor selling a commodity to the Government could not enjoy the immunity which he claimed and that under such circumstances a state may tax property of such an individual measured by his gross receipts including receipts from the performance of his Government contract. Citing Alward v. Johnson, 282 U.S. 509, 51 S.Ct. 273, 75 L.Ed. 496, 75 A.L.R. 9; Metcalf & Eddy v. Mitchell, 269 U.S. 514, 46 S.Ct. 172, 70 L.Ed. 384; Atkinson v. State Tax Commission, 303 U.S. 20, 56 S.Ct. 419, 80 L.Ed. 621. And that under such circumstances the state may require the payment of a license or occupation tax on the business. State v. Tampa Inter Ocean Steamship Company, 153 La. 971, 96 So. 828. The Court went on further to say that appellant was conducting a business of his own, not connected with the Government except by the contract he undertook to sell his products and that his business was not an instrument either created or owned by the Government and that the status was not altered by the fact that the coal-mining operation was upon the land of public domain which appellant leased. The Court further stated that appellant in the Peisker case was situated much like the plaintiffs in the case of Six Companies, Inc. v. DeVinney, D.C., 2 F.Supp. 693, where plaintiffs were engaged in the construction of Boulder Dam project under their contract with the Government and sought to claim immunity from the Revenue Laws of the State of Nevada which claim was denied.

Further on appellant's contention, in this case, that the tax in question is exempt by provision of the New Mexico Constitution, Article 8, Section 3, which reads:

"The property of the United States, the state, and all counties * * * shall be exempt from taxation."

It must be conceded that the use or compensating tax is an excise tax and not an ad valorem tax. In the case of City of Phoenix v. Bowles, 65 Ariz. 315, 180 P.2d 222, 225, the question for determination was whether the City of Phoenix, a municipal corporation, was liable under a State statute for unladen weight fees upon vehicles owned by the city or the United States and used by the city in transporting persons for hire.

The Arizona Constitution, Article 9, Section 2, provides in part that:

"There shall be exempt from taxation all federal, state, county and municipal property"

and an Arizona statute provided that:

"All property shall be subject to taxation, except: 1. Federal, state, county and municipal property. * *" [A.R.S. § 42–271]

The Arizona Supreme Court held that the tax referred to in the provision mentioned is a property or ad valorem tax and not an excise imposition and that excise taxes were not contemplated by the provision of the Constitution mentioned and held that the unladen weight fees upon the vehicles was an excise tax to which the City of Phoenix was subject and further said that:

"The fact that in one of the suits the bus seized was actually owned by the navy is of no moment as no portion of the·fees required of the city was exacted from the Federal treasury."

In the case of State of Alabama v. King & Boozer, 314 U.S. 1, 86 L.Ed. 3, 62 S.Ct. 43, 46, which was decided by the United States Supreme Court in 1941, King and Boozer sold or furnished lumber to contractors who were constructing an army camp for the United States. The question for decision was whether the Alabama Sales Tax was chargeable on the building materials. The sales tax was imposed on the seller, but the State made it the duty of the seller to collect from the purchaser the amount of the sales tax.

The Supreme Court of Alabama had construed the provision of the statute as imposing a legal obligation on the purchaser to pay the tax.

The Alabama Statute excluded from the tax proceeds of sales which the State was prohibited from taxing by the Constitution or Laws of the United States.

The contention of the Government was that the tax was invalid because it was laid in such manner that its legal incidence was on the Government rather than the contractor, who ordered the lumber and paid for it but had so acted for the Government as to place it in the role of a purchaser of lumber. The Court held that under the provisions of the statute the purchaser of tangible goods who was subject to the tax measured by the sales price, was the person who ordered and paid for them when the sale was for cash or who was legally obligated to pay for them if

the sale was on credit. The contract in that case provided that the title to all materials and supplies for which the contractors were entitled to be reimbursed vested in the government "upon delivery at the site of work or at an approved storage site and upon inspection and acceptance in writing by the Contracting Officer." The Court further stated that all the provisions of the contract when read together contemplated that the contractors were to purchase in their own names and on their own credit all the materials required unless the Government elected to furnish them and that the Government was only obligated to reimburse the contractors when the materials purchased should be delivered, inspected and accepted at the site. That the contractors were purchasers of the lumber within the meaning of the taxing statute and as such were subject to the tax and that they were not relieved of the liability to pay the tax either because the contractors in a general sense were acting for the Government in purchasing the lumber or because the economic burden of the tax imposed upon the purchaser would be shifted to the Government by reason of its contract to reimburse the contractors.

The case of Curry v. United States, 314 U.S. 14, 62 S.Ct. 48, 86 L.Ed. 9, also decided by the United States Supreme Court in 1941, was a companion case to Alabama v. King & Boozer, supra, and presented the question whether by the contract involved in the King & Boozer case the contractors were immune from the use tax imposed by the Alabama Statute, [Code 1940, Tit. 51, § 752 et seq.] because the materials were ordered by the contractors and used by them in the performance of their contract with the Government. The State of Alabama had very similar provisions in its Use Tax Statute to those found in the New Mexico Statute and the Alabama Statute exempted the storage, use or consumption of property, taxation of which was prohibited by the Constitution or the Laws of the United States.

The Supreme Court of the United States said that for the reasons in the King & Boozer case, supra, the contractors, in purchasing and bringing the building material into the state and in appropriating it to their own contract with the Government, were not agents or instrumentalities of the Government and were not relieved of the tax, to which they would otherwise be subject, by reason of the fact that they were Government contractors.

For the reasons herein given we are convinced that the lower Court was correct in its ruling and finding no reversible error the judgment of the District Court should be affirmed.

It is so ordered.

SADLER, McGHEE and COMPTON, JJ., concur.

KIKER, J., absent from the state not participating.