323 P.2d 890

**REYNOLDS ELECTRICAL & ENGINEER-ING CO., Inc., Plaintiff-Appellee,**

v.

**Manuel LUJAN (Tony Luna, Jr., Substituted) Director of the Bureau of Revenue, State of New Mexico, Defendant-Appellant.**

No. 6182.

Supreme Court of New Mexico.

April 2, 1958.

Charles B. Barker, Santa Fe, for appellant.

Fred M. Standley, Atty. Gen., Hilton A. Dickson, Jr., Asst. Atty. Gen., amici curiae.

W. A. Keleher, John B. Tittmann, Albuquerque, for appellee.

MACPHERSON, District Judge.

The original opinion issued herein on December 26, 1957, was withdrawn and the following is substituted in lieu thereof:

Appellee as an independent contractor held subcontracts executed in 1951 for the construction of buildings and facilities for the Atomic Energy Commission at its Los Alamos, New Mexico, Scientific Research Laboratories. Appellant, as Director of the State Bureau of Revenue, sought to impose New Mexico sales and use taxes thereon for the period January 1 to February 28, 1953. The Court below held appellee to be exempt from such taxes on the sole basis of an exemption then granted by Congress under Section 9(b) of the Atomic Energy Act of 1946, but since repealed. For original Act see Act Aug. 1, 1946, c. 724, 60 Stat. 755; for repeal of exemption, see Act Aug. 13, 1953, c. 432, 67 Stat. 575, effective October 1, 1953.

The sole question for determination is whether appellee's operations during the period in question were embraced within the term *"activities"* as used in the now repealed portion of Section 9(b) of the Atomic Energy Act of 1946, which read as follows:

> "The Commission, and the property, *activities,* and income of the Commission, are expressly exempted from taxation in any manner or form by any State, county, municipality, or any subdivision thereof." (Italics supplied.)

Appellant does not dispute the finality of the declaration of the United States Supreme Court that Congress has or had the valid power to enact exemptions from taxation which supersede state tax statutes to the extent made applicable and that independent contractors may qualify for such exemptions. Carson v. Roane-Anderson Co., 1951, 342 U.S. 232, 72 S.Ct. 257, 96 L.Ed. 257. Appellant does not concede, however that this decision answers the issue for determination in the present case. He argues that the word "activities" as then used in said Section 9(b) of the Atomic Energy Act, supra, should be limited to the study, production and use of fissionable materials, and should not be extended to the construction of buildings, laboratories or facilities. Let us examine the Atomic Energy Act and the Carson decision.

Section 12 of the Atomic Energy Act, supra, specifically authorizes the Commission to "construct such buildings and facilities * * * as it may deem necessary." This, itself, would seem to spell out, as an activity of the Commission, the construction of buildings.

In the Carson case, supra, the United States Supreme Court construed said exemption provided by Section 9(b), supra, before its repeal, and held that by virtue thereof contracts for the municipal operation of Oak Ridge, Tennessee, a community housing employees of the Commission, and

contracts for the operation of the Oak Ridge plants devoted to the production of fissionable materials were exempt from state taxation.

The United States Supreme Court, in the Carson case, supra, emphasized the fact that the word *"activities"* as used in the Atomic Energy Act should receive a broad construction. Note the following language of the Court:

"Congress uses the word 'activities' in various sections of the Act, and seems each time to give it a broad sweep * * *

"In none of these sections do we find any suggestion that 'activities' is used in a narrow sense to describe less than all of the functions of the Commission." 342 U.S. 235, 72 S.Ct. 259, 96 L.Ed. 262–263.

A full study and analysis of the Act, and of the Carson decision, not set forth in detail at this time, only reemphasizes our conclusion that the Court below was correct in determining that the construction of buildings fell within the tax exemption then provided by the Atomic Energy Act.

We are not unmindful of our recent opinion in Robert E. McKee, General Contractor, Inc., v. Bureau of Revenue, 63 N.M. 185, 315 P.2d 832, sustaining the New Mexico use tax on materials used mainly in the construction of war department buildings on Federal Reservations within New Mexico. No claim was made in that case under the former tax exemption provision of the Atomic Energy Act, and investigation of the record shows that it was not applicable to the facts of that case. Our present decision is confined strictly to an interpretation of the tax exemption provided for in Section 9(b) of said Atomic Energy Act during the effective period thereof, viz., August 1, 1946 to October 1, 1953.

Following the withdrawal of our original opinion herein, the Attorney General of New Mexico was granted permission to submit a brief herein, wherein he argues that the New Mexico sales tax is in essence a privilege tax, the legal incidence of which falls upon the right to engage in business, and not upon the transaction of sale; that the Federal Government was in no way burdened by collection of the tax; and that the exemption granted by said Section 9(b) was inapplicable in this case. This argument is overruled. The exemption covers taxation "in any manner or form * * *." In addition, the very point was decided adversely to the Attorney General's contention in General Electric Co. v. State of Washington, 347 U.S. 909, 74 S.Ct. 474, 98 L.Ed. 1066, reversing 42 Wash.2d 411, 256 P.2d 265.

The decision of the Court below is affirmed.

It is so ordered.

LUJAN, C. J., and SADLER, McGHEE and COMPTON, JJ., concur.