457 P.2d 710

GIBBONS & REED COMPANY and Boyles Bros. Drilling Co., a joint venture, d/b/a Azotea Contractors, Plaintiff-Appellant and Cross-Appellee,

v.

BUREAU OF REVENUE of the State of New Mexico, F. A. Vigil, Commissioner, and Nestor S. Gallegos, Director of Collection and Enforcement, Defendants-Appellees and Cross-Appellants.

No. 8745.

Supreme Court of New Mexico.

Aug. 4, 1969.

Standley, Kegel & Campos, Santa Fe, for appellant.

James A. Maloney, Atty. Gen., Gary O. O'Dowd, Deputy Atty. Gen., Justin Reid, Asst. Atty. Gen., Santa Fe, for appellees.

## OPINION

TACKETT, Justice.

This action was brought in the District Court of Santa Fe County, New Mexico, against the Commissioner of Revenue for a refund of compensating or use taxes paid under protest. Upon a trial without a jury, the trial court granted judgment for plaintiff in the sum of $5,629.56, and judgment for defendant in the sum of $290.89 for additional taxes owed by plaintiff.

Plaintiff attempted to recover the sum of $20,518.90 paid under protest to the Bureau of Revenue under an assessment made January 31, 1965. Plaintiff alleged three general grounds for recovery of the amounts paid under protest, only one of which is pertinent in this appeal, being:

"That $6,466.84 of the assessment was on railroad equipment of a type exempt from taxation under Section 72–17–4(I), N.M.S.A., 1953 Comp."

Section 72–17–4(I), N.M.S.A., 1953 Comp., exempts from taxation:

"All railroad locomotives, tenders and cars, railroad bridge materials and rails, including all repairs and replacements thereto, procured or purchased for use or consumption *in railroad transportation*; and" (Emphasis added).

Plaintiff is engaged in the construction of Azotea Tunnel in New Mexico and Colorado. In the excavation, there is used a piece of equipment known as a "mole," which weighs approximately 100 tons, in order to move employees and supplies in and out of the tunnel and to remove excavated material from the tunnel. Plaintiff, at the time of filing of the complaint, had constructed approximately 5.6 miles of two-parallel lines of 70-pound-railroad rail mounted on cross ties. Upon these rails are driven 15-ton locomotives, operated either by electric batteries or diesel fuel, which pull various types of cars in and out of the tunnel, such as muck, gunnite, concrete, and man-trip cars to haul personnel.

Defendant assessed against plaintiff a tax of 3%, or $6,466.84, on the above-described-railroad equipment.

▮ Defendant contends that plaintiff was not engaged in railroad transportation and, therefore, was not exempt under the provisions of § 72–17–4(I), supra. With this we agree as, in our view, § 72–17–4(I), supra, applies only to railroads engaged in the transportation of persons or property for hire on established lines.

Black's Law Dictionary at 1424 (Rev'd 4th Ed. 1968), defines "railroad" as:

"* * * An enterprise created and operated to carry on a fixed track passengers and freight, or passengers or freight, for rates or tolls, without discrimination as to those who demand transportation. Bradley v. Degnon Contracting Co., 224 N.Y. 60, 120 N.E. 89, 91. * * *"

To hold that the equipment referred to in the instant case is a "railroad" within the purview of § 72–17–4(I), supra, would be stretching the statute to the breaking point, which we do not choose to do.

This court has heretofore interpreted tax laws and exemptions. In McKee, General Contractor, Inc. v. Bureau of Revenue, 63 N.M. 185, 315 P.2d 832 (1957), we said:

"It is settled in this State that a statute of exemption from taxation must re-

ceive a strict construction, and no claim of exemption should be sustained unless within the express letter or the necessary scope of the exempting clause. * * *"

This court interpreted the meaning of the word "railroad" in legislative enactments in Atchison, Topeka and Santa Fe Railway Company v. Citizens Traction and Power Company, 16 N.M. 154, 113 P. 810 (1911), where Riggs v. Railroad, 120 Mo.App. 335, 96 S.W. 707, was quoted with approval as follows:

"* * * 'Indeed, it is a rule universally approved, that the meaning of the word "railroad," when employed in a legislative enactment can only be determined by reference to the context of the act and the manifest intention of the legislature * * *.' "

See also, Natural Gas Pipeline Co. of America v. State Commission of Revenue and Taxation, 163 Kan. 458, 183 P.2d 234 (1947).

In our view, the legislature did not intend the tax exemption allowed in § 72–17–4(I), supra, to apply to industrial rail equipment of the type used in the Azotea Tunnel.

▮ The failure to make specific findings of fact is regarded as a finding against the party having the burden of establishing that fact. Brundage v. K. L. House Construction Company, 74 N.M. 613, 396 P.2d 731 (1964); Hoskins v. Albuquerque Bus Company, 72 N.M. 217, 382 P.2d 700 (1963); and Griego v. Hogan, 71 N.M. 280, 377 P.2d 953 (1963).

▮ We cannot agree with plaintiff's contention, that it was fatal error when the trial court failed to conclude as a matter of law, one way or the other, on the tax liability. The trial court reached a correct result in refusing plaintiff's requested findings and conclusions on the exemption point under § 72–17–4(I), supra.

▮ We now turn to the cross-appeal, in which the only issue is whether the "mole" is a vehicle of a type not required to be registered under § 64–3–2, N.M.S.A.,

1953 Comp. This is material because § 72–17–3, N.M.S.A., 1953 Comp. (repealed by Ch. 47, § 22, N.M.S.L.1966, effective July 1, 1967) provided for a reduced rate of compensating or use tax than would otherwise be applicable on vehicles of a type not required to be registered under § 64–3–2, supra.

Cross-appellant is designated as "defendant" and cross-appellee as "plaintiff."

Defendant contends that the "mole" is not a vehicle and does not meet the statutory requirements of "special vehicle equipment" under the Motor Vehicle Code. The trial court found that the "mole" falls within the qualifications of "special vehicle equipment" under § 64–3–2, supra. With this we cannot agree, as § 64–1–12, N.M. S.A., 1953 Comp., defines "special mobile equipment" as follows:

"Every vehicle not designed or used primarily for the transportation of persons or property and incidentally operated or moved over the highways, including farm tractors, road construction or maintenance machinery, ditch-digging apparatus, well-boring apparatus, and concrete mixers. The foregoing enumeration shall be deemed partial and shall not operate to exclude other such vehicles which are within the general terms of this section."

"Vehicle" is defined in § 64–1–6(a), N.M. S.A., 1953 Comp., 1967 Pocket Supp., as follows:

" 'Vehicle' means every device in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices moved by human power or used exclusively upon stationary rails or tracks;"

The "mole" cannot be classified as a vehicle under our Motor Vehicle Code because it is not a device upon, or by which, persons or property may be transported upon a highway.

Neither is it "special equipment" as defined in § 64–1–12, supra, because aside from its not being a vehicle as defined in § 64–1–6(a), supra, it is not one of the vehicles specified in the section, nor does it come within the general descriptive terms as set forth in § 64–1–12, supra.

The decision of the trial court on the main appeal is affirmed and it is reversed on the cross-appeal, with instructions to proceed in a manner consistent with this opinion.

It is so ordered.

NOBLE, C. J., and MOISE, J., concur.